## Anvilla Wheeler et al., Appellees, v. The Farmers Fire Insurance Company, Appellant.

INSURANCE—*when continued vacancy constitutes defense.* If premises insured remain vacant and unoccupied contrary to the terms of the policy sued on and no waiver of the provision in question is shown, a recovery will not be sustained.

Assumpsit. Appeal from the County Court of Sangamon county; the Hon. GEORGE W. MURRAY, Judge, presiding. Heard in this court at the May term, 1910. Reversed. Opinion filed May 26, 1911.

C. B. OBERMEYER and McANULTY & ALLEN, for appellant.

JOHN G. FRIEDMEYER, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in *assumpsit* by appellees against appellant to recover amount claimed to be due under a fire insurance policy. The declaration alleges that said policy was issued on February 27, 1908, for the term of one year, covering a building in Springfield, Illinois; that thereafter while the policy was in full force and effect, on September 12, 1908, said building was destroyed by fire; that the plaintiffs were the owners of the property, which was of the value of $500; that the plaintiffs gave notice of the loss and in all things complied with the requirements and conditions of the contract. The defendant pleaded among other special defenses, that the building in question was allowed by the insured to become and remain vacant for a longer period than ten days, contrary to the conditions of the policy, which provided that the same should become void in case of such vacancy; to which the plaintiffs replied that the agent of the company knew that the property was vacant and that the insured intended to allow it to remain vacant during the life of the policy. A trial of the issues by jury resulted in a verdict in favor of the plaintiffs for the sum of $500.

The evidence discloses that the building in question had been occupied as an ice house for several years before the fire, but that prior to the issuance of the policy it had been abandoned and the doors nailed up, so as to prevent access thereto. It is manifest therefore, that the building was vacant and unoccupied for a longer period than ten days within the meaning of the policy. The local agent of the appellant company denied that he at any time knew that the building was vacant, and there is no proof tending to show that the appellant or any one representing it had any such knowledge. Appellees seem to contend that because the building was described in the policy as an

ice house, it was unnecessary that any endorsement permitting the vacancy should be made upon the policy, for the reason that appellant was presumed to know that such a building would be occupied for such time only as ice might be stored therein and until the same was removed. There is no evidence in the record tending to show that it was usual and customary for ice houses to remain continuously vacant for the purposes of the storage of ice, for two or three years, with the means of ingress and egress barred. To hold that such facts and circumstances operated as an estoppel or constituted a waiver of the conditions of the policy, would be to destroy the contract which the parties have themselves made, and substitute by judicial interpretation a new and different one. The construction of the words "vacant and unoccupied" as used in the policy, was a question of law. There was no knowledge shown on the part of appellant or its agent of the vacancy, at the time of the issuance of the policy, or thereafter. The policy was by its terms void, and there was no question of fact for submission to the jury. The trial court should therefore have granted the motion of the defendant to direct a verdict in its favor, at the close of all the evidence.

The judgment of the County Court is reversed.

*Reversed.*