## HANLON GASOLINE CO. v. HENLEY.
### (No. 295.)

Court of Civil Appeals of Texas. Eastland. April 8, 1927.

**1. Appeal and error ⬖1071(1)—Trial court's failure to file findings and conclusions held reversible error, where record fails to show lack of injury to appellant.**

Where trial judge failed on proper request to file findings of fact and conclusions of law and no statement of facts was filed, judgment will be reversed where record does not show that no injury could have been sustained by appellant.

**2. Appeal and error ⬖1031(1)—Court's failure to file findings and conclusions on proper request is presumed injurious to appellant.**

To deprive litigant of right to have findings of fact and conclusions of law filed by court on proper request is presumed injurious to appellant.

Appeal from Stephens County Court; Jno. W. Hill, Judge.

Action by W. A. Henley against the Hanlon Gasoline Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Goggans & Allison, of Breckenridge, for appellant.

L. H. Welch, of Breckenridge, for appellee.

LESLIE, J. The appellee instituted this suit in the county court of Stephens county, against the appellant, Hanlon Gasoline Company, to recover a certain sum of money

claimed to be due him for services rendered under an oral agreement by which such services were to be compensated at the reasonable and customary wage for such services. Appellant answered by general demurrer and general denial, putting in issue the material allegations of the petition.

The cause was tried before the court September 30, 1926, and the result was a judgment in favor of the appellee for the sum of $960. To the judgment rendered, the appellant duly excepted and gave notice of appeal to this court on that date, and at the same time filed a written request for the court to file findings of fact and conclusions of law. The request was called to the attention of the court in proper manner. The court failed to file findings as requested, and to his failure to do so, appellant duly excepted as shown by bill of exceptions filed in the trial court on October 28, 1926.

The term of court at which the trial took place convened September 6, 1926, and adjourned October 16, 1926. The appeal in this case was perfected October 30, 1926, when appellant filed its supersedeas bond in the trial court. The appellant's assignment of error based upon said bill of exception was filed in the lower court January 15, 1927, and a transcript herein taken out and filed in this court January 17, 1927.

[1, 2] No statement of facts was filed in the trial court, and the court failed to make up and file findings of fact and conclusions of law, as requested by appellant, in due time. In no case where the trial judge has failed upon proper request to file his findings of fact and conclusions of law, and where no statement of facts is filed, can the cause be properly disposed of otherwise than by reversal, except in those cases where the record shows that no injury could have been sustained by the appellant. Under the state of this record, the appellant is presumed to have suffered injury by the failure of the court to file the findings requested, and the assignment of error is sustained. Galveston, H. & S. A. Ry. Co. v. Stewart & Threadgill (Tex. Com. App.) 257 S. W. 526.

Appellee strenuously objects to the consideration of the appellant's assignment of error on the ground that the term of court being a six weeks' term, the bill of exception should have been filed as stated in his brief "within eighty days after October 16, 1926, the date of adjournment of the term of court wherein this cause was tried. Appellant did not file its bill of exception until the 15th day of January, 1927, which was ninety days after the date of adjournment, excluding the day of adjournment and the day of filing said bill of exception."

The facts are evidently confused in the appellee's mind. The transcript plainly shows the bill of exception was filed October 28, 1926,

which was within the time allowed by statute. Article 2246, Vernon's Civil Statutes 1925.

For the reasons assigned, the judgment of the trial court is reversed and this cause is remanded for another trial.