## J. M. RADFORD GROCERY CO. v. GARNER et al. (No. 415.)

Court of Civil Appeals of Texas. Eastland.
March 9, 1928.

Appeal and error ⬤�longrightarrow1071(1)—Failure to file findings and conclusions, as requested, not appearing harmless, is reversible error.

Judgment will be reversed for failure of court to file findings of fact and conclusions of law, on proper request therefor, there being no statement of facts, and appellate court being unable to say that appellant was not injured by such failure to file.

Appeal from Taylor County Court; Tom K. Eplen, Judge.

Action by M. A. Garner and husband against the J. M. Radford Grocery Company. From adverse judgment, defendant appeals. Reversed and remanded.

W. E. Lessing, of Abilene, for appellant.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellees.

LESLIE, J. This appeal is from a judgment in the county court, Taylor county, Tex., in favor of appellees, M. A. Garner et vir, against appellant, Radford Grocery Company, a corporation. Trial was before the court, and findings of fact and conclusions of law were requested. None were made and filed in the record as by law prescribed, though the trial judge's qualification to the bill of exception complaining of the above omission indicates he made the findings, placed same in the hands of attorney for plaintiff, and called the attention of attorney for defendant (appellant) to the same.

In the record before us there is neither a statement of facts nor findings of fact and conclusions of law.

We have carefully read the pleadings, and they indicate that this litigation grows out of an attempt on the part of M. A. Garner, joined pro forma by her husband, to enjoin the levy upon her personal property of an execution. The execution is based upon a judgment against her in another cause in which the Radford Grocery Company was plaintiff. The pleadings in this cause disclose a direct attack by the Garners on the previous judgment on the alleged ground that that suit was filed against said M. A. Garner, a married woman, and judgment was taken against her without her husband being made a party to the suit. Other issues are suggested by the pleadings, and from them alone it is conceivable that the execution might have issued upon a judgment either void, voidable, or valid. Assuming the pleadings to indicate the nature of each litigant's testimony, clearly such testimony, if any, was conflicting, and a judgment for either might have found ample support. Hence we are unable

to say the appellant could not have been injured by the court's failure to file the requested findings of fact and conclusions of law, but we are of the opinion he was hindered and injured in making a fair presentation of this appeal. So viewing the record, it becomes our duty to reverse the judgment of the trial court. Hanlon Gasoline Co. v. Henley (Tex. Civ. App.) 293 S. W. 914; Galveston, H. & S. A. Ry. Co. v. Stewart & Threadgill (Tex. Com. App.) 257 S. W. 526.

The facts of the last case cited presented a situation analogous to that presented by this record. The conclusion of the court was expressed in this language:

"Therefore, as we view it, in no case where the trial judge has failed upon request to file his findings of fact and conclusions of law, and where no statement of facts is filed, can the cause be properly disposed of otherwise than by reversal unless some other part of the record shows that no injury could have been sustained by the appellee by such failure."

Other assignments complain of matters that will not arise on another trial. It is unnecessary to discuss them here.

For the reasons assigned, the judgment of the trial court is reversed, and the cause remanded.