## FIDELITY UNION FIRE INS. CO. v. PRUITT. (No. 1302—5382.)

Commission of Appeals of Texas, Section A. Feb. 5, 1930.

682

Collins & Houston, of Dallas, for plaintiff in error.

Ross M. Scott and J. E. Gilbert, both of Dallas, for defendant in error.

CRITZ, J. The defendant in error, J. F. Pruitt, filed this suit in the district court of Dallas county, Tex., against Fidelity Union Fire Insurance Company, a corporation, to recover on a certain fire insurance policy alleged to have been issued by the insurance company covering a certain building owned by Pruitt. It was alleged that the policy was for $2,000, and was in favor of Pruitt as owner, and also in favor of Mrs. Florence Scott, as a first lienholder, as her interest may appear, and the Standard Lumber & Manufac-

turing Company, a second lienholder, as its interest may appear.

The insurance company answered the petition of Pruitt, alleging that it had paid the full amount of the policy to the two lien-holding beneficiaries above named as having interests, and had therefore discharged its full liability thereon according to its terms.

The insurance company also filed a cross-action against Pruitt, and as a basis therefor pleaded, in substance: That when the building burned it paid the $2,000 provided for by the policy to the lienholders in the order above named, and took assignments of their notes, and liens securing same, and asserted the right to foreclose these liens on the lot on which the house insured by it had stood.

The insurance company, as a basis for said cross-action, and the right to foreclose such alleged liens, pleaded a provision in the policy of insurance, as follows: "On payment to such mortgagee (or trustee) of any sum for loss or damage hereunder, if this Company shall claim that as to the mortgagor or owner, no liability existed, it shall, to the extent of such payment be subrogated to the mortgagee's (or trustee's) right of recovery and claim upon the collateral to the mortgage debt, but without impairing the mortgagee's (or trustee's) right to sue, or it may pay the mortgage debt and require an assignment thereof and of the mortgage."

The insurance company further pleaded that the policy of insurance stipulated that the house covered by such policy should be occupied by the owner, and that the owner never occupied same, and by reason thereof the policy became void as to the owner, but was nevertheless valid and binding as to the mortgagee beneficiaries.

The trial court refused the relief sought by the insurance company on its cross-action, and denied it a foreclosure of any lien on the lot in question, and also refused Pruitt any recovery on the policy on the ground that the full amount thereof had been paid to the two lienholders who were entitled to receive such proceeds. The insurance company appealed to the Court of Civil Appeals for the Fifth District at Dallas, which court in all things affirmed the judgment of the trial court. 13 S.W.(2d) 717. The case is now before the Supreme Court on writ of error granted on application of the insurance company.

Trial was had in the district court before the court without the intervention of a jury, and after the evidence and argument of counsel had been had, and the court had announced his decision and judgment, the insurance company at the proper time duly and legally requested the trial judge to prepare and file his findings of fact, and conclusions of law, which he failed to do; to all of which the insurance company excepted, and filed its

proper bill of exceptions duly approved by the trial court.

■ On this record as stated, we are confronted with one question, raised by proper assignments in this court, which is: Can we affirmatively and conclusively say, from the record before us, that the insurance company was not injured by the failure of the trial judge to file findings of fact and conclusions of law, as requested by the insurance company, and required under the provisions of article 2208, R. C. S. of Texas 1925?

If the above question is answered in the affirmative, this case should be affirmed; if it is answered in the negative, it should be reversed. Galveston, H. & S. A. Ry. Co. v. Stewart & Threadgill (Tex. Com. App.) 257 S. W. 526. An examination of the above case will show that the Supreme Court did not expressly approve the holding of the Commission with reference to this matter, but the rule of law there announced is undoubtedly correct, and must have met the approval of the Supreme Court, else it would not have entered the judgment recommended by the Commission.

■ In the instant case no statement of facts is brought up, and since, in our opinion, the insurance company had the right under article 2208, supra, to appeal without bringing up the statement of facts, if it has pleaded a right to recover on its cross-action, it must be presumed that it offered testimony sustaining its pleadings.

An examination of the pleadings of the insurance company discloses that, while it alleged that the policy of insurance stipulated that the house covered thereby should be occupied by the owner, and that the owner never occupied the same, and by reason thereof the policy became void, etc., as to the owner, it does not, in detail, specifically state why the failure of the owner to occupy the premises should void the policy, nor does it in detail state facts which would make such failure material to the risk, or contribute to the loss. The record affirmatively shows that the insured filed a supplemental petition in reply to the cross-action of the insurance company in which he excepted to the cross-action on the ground that it was not alleged that failure to occupy the building by the owner was material to the risk, or contributed to the loss. The judgment is silent as to whether this exception was ever presented to the trial court or acted on by him. Under such a record it will be presumed that the special exception was not presented, but waived. It follows that we must test the pleadings on the cross-action of the insurance company by the general demurrer.

■ The pleadings in question allege the provisions of the policy to the effect that the building should be occupied by the owner, and that, "by reason of the breach of the contract in this particular quoted, to the effect that it should be occupied by the owner, said policy became void, as to the plaintiff herein, and he cannot recover," etc. We think that, even if it should be held that article 5043 or 5044, R. C. S. of Texas 1925, have application here, tested by a general demurrer, the pleading on cross-action was sufficient to have permitted the insurance company to prove the giving of notice, and that the failure on the part of the owner to occupy the building was material to the risk, or contributed to the loss, or both, as the case might be.

The view we have already expressed must result in reversing and remanding this case, and, since it must be retried in the district court, we deem it proper to express our views on the alleged provision of the insurance policy with reference to occupancy by the owner, and the application of articles 5043 and 5044, R. C. S. of Texas 1925, to such provision.

■ In passing on the question as to whether the failure of the owner to occupy the building voids the policy as a matter of law, or whether it is necessary for the insurance company to plead and prove that such failure was material to the risk or contributed to the loss, we do so on the presumption that the policy in question is a "Texas Standard Policy," and insured the building in question *while occupied by owner and not otherwise.* If such is the language of the policy, we are of the opinion that the failure of the owner to occupy the premises would void the policy, according to its terms, as under the plain language of the contract it insured the building *while occupied by the owner and not otherwise.* National Fire Insurance Co., etc., v. Carter (Tex. Com. App.) 257 S. W. 531; Cooley's Briefs on Insurance (2d Ed.) Vol. 3–2068.

It is true that ownership, and not occupancy, was the issue involved in the Carter Case, supra, but we think that the same principles of law that were involved in the Carter Case are also involved in the instant case, and therefore articles 5043 and 5044, R. C. S. of Texas, 1925, as a matter of law, can have no application, to avoid the provisions of the policy as to occupancy by the owner and make it cover the building while occupied by the tenant, or vacant, except as provided for in the policy itself.

In the Carter Case it was held, in effect, that the two principal things a fire insurance company must consider in executing its policies on a building are the physical and moral hazards. The moral hazard is increased if the building is occupied by a tenant, because the number of these to be personally trusted is certainly increased. Also we think that it can hardly be contended that a vacant building is no more hazardous as a fire insurance risk than a building occupied by the owner.

Furthermore, if, at the time the policy was issued, and the risk was accepted by the insurance company, a disclosure to the company that the building would not be occupied by the owner, or that it was to be occupied by a tenant, or remain vacant, would have influenced the company either as to the taking of the risk at all, or as to the premium to be charged therefor, then the stipulation that it was insured *while occupied by the owner and not otherwise* was, in law, material to the risk. 26 C. J. p. 165 (see note 11); Cooley's Briefs on Insurance, supra; St. Paul Fire & Marine Ins. Co. v. Huff (Tev. Civ. App.) 172 S. W. 755.

For the reasons stated, we hold that the cross-action of the insurance company, tested by a general demurrer, stated a cause of action against the defendant in error, Pruitt, and that the trial court committed reversible error in failing to prepare and file findings of fact and conclusions of law as requested by the insurance company. Of course we are not holding that the insured had no defense to the cross-action. That matter is not before us in the condition we find the record.

We recommend that the judgments of the Court of Civil Appeals and of the district court be both reversed, and the cause remanded to the district court for a new trial.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.