ANTONIO MASIELLO *et ux. vs.* FIDELITY PHENIX FIRE INS. CO. OF N. Y.

APRIL 17, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

STEARNS, C. J.   This is an action on an insurance policy to recover for the loss by fire of a dwelling house owned by plaintiffs.

The policy was issued by the defendant July 10, 1922, and insured the owner at that time, one Tommaso DeMonaco, and the mortgagee Vincent J. Baggot as his interest may appear.   In August plaintiffs bought the dwelling house subject to the mortgage and with the consent of the defendant the interest of DeMonaco in the policy was assigned to the plaintiffs.   The policy is the standard form (G. L. 1923, C. 258, s. 5) and contains the statutory provision: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void   .   .   .   if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days;"   a rider attached to the policy extends the period to forty days.   December 21, 1924, the occupants moved out of the house and it was left vacant and unoccupied from that time until March 18, 1925, when the fire occurred.

At the conclusion of the evidence at the trial, on motion of the defendant and by direction of the trial justice, the jury returned a verdict for the defendant.   The case is in this court on plaintiffs' bill of exceptions, the exceptions being, first, to the admission of Defendant's Exhibit C (a transcript of the examination under oath of one of the plaintiffs) and second, to the direction of a verdict.

The first exception is without merit.   The policy provides that the insured shall submit to examination under oath by any person named by the insurer, and subscribe the same. Defendant's Exhibit C is a statement made and subscribed

by the plaintiff, Antonio Masiello, after the loss occurred, to a person named by the insurer to make an examination of the plaintiffs' claim. The statement was voluntary and conformable to the requirement of the policy. The exception is overruled.

The provision in the policy with respect to vacancy and occupation is of statutory origin and establishes a prescribed condition in the contract of insurance, which is binding on the insured and insurer. No fire insurance company can lawfully issue a fire policy on property in this State other than in the standard form. (G. L., C. 258, s. 4.) By its terms the policy is declared to be void for unauthorized vacancy or nonoccupancy. The contract of insurance was assented to by both parties. The condition in regard to occupancy is reasonable; it is clear, without ambiguity and requires no construction. It is admitted that there was a breach of the vacancy clause, as the house was vacant and unoccupied for a period of eighty-five days. The condition being for the advantage of one party only, the insurer, the policy was voidable at the election of the insurer. *Inventasch* v. *Superior Fire Ins. Co.*, 48 R. I. 321. As there is no waiver of the condition by the insurer the breach of this condition voided the policy. The authorities are in general agreement to this effect. *Knowlton* v. *Patrons Ins. Co.*, 100 Me. 481; *Greene* v. *Aetna Ins. Co.*, 196 N. C. 335; *Wheeler* v. *Farmers Fire Ins. Co.*, 161 Ill. App. 585; *Couch* v. *Farmers Fire Ins. Co.* 64 App. Div. (N. Y.) 367; *Bias* v. *Fire Ins. Co.*, 85 W. Va. 134; *Fidelity Union Fire Ins. Co.* v. *Pruitt*, 23 S. W. (2d) 681; *Frozine* v. *St. Paul Ins. Co.*, 195 Wisc. 494; *Liverpool & London Globe Ins. Co.* v. *Baker*, 198 S. W. 632.

All of plaintiffs' exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Benjamin Cianciarulo*, for plaintiff.

*Henshaw, Lindemuth & Baker*, for defendant.