## CITY NAT. BANK IN CHILDRESS v. PHILLIPS PETROLEUM CO.

### No. 3736.

Court of Civil Appeals of Texas. Amarillo.

Feb. 17, 1932.

Rehearing Denied March 9, 1932.

E. E. Diggs, of Childress, for appellant.

Don Emery and Walter L. Barnes, both of Amarillo, for appellee.

HALL, C. J.

The appellee, petroleum company, sued the City National Bank to recover the proceeds of eight certain checks, aggregating $669.35, together with interest and costs, which it is alleged said bank had converted.

The petition shows that the Michie Motor Company bought petroleum products from the Phillips Company and in payment therefor delivered its checks to W. T. Goodson, the agent of said company in Childress. It is further alleged that Goodson was authorized to represent the Phillips Company in the sale of gasoline and other products, and to collect from customers the price thereof under the terms of a written commission contract between the Phillips Company and Goodson. That said commission contract contained, among other provisions, the following:

"Said agent is not under any circumstances allowed to retain any moneys or checks, etc., collected by him as agent for any purpose but must deposit same as hereinafter set forth and money due said agent will be paid monthly by check from office of the Company.

"All sales (cash or credit) of the commodities furnished to the agent by the Company shall be made and invoiced to the purchaser and in the name of the Company and the agent shall collect for the same and deposit in original form all moneys and checks to the credit and in the name of the Company at the bank designated by it, all to be recorded on forms furnished by the Company."

It is further alleged that the First National Bank of Childress was designated as the depository. That the Michie Company was a customer of the appellant, City National Bank, and drew its said eight checks payable to the Phillips Petroleum Company upon said bank. That the said Goodson, or persons unknown, indorsed said checks, wholly without authority from the Phillips Petroleum Company, presented the same for payment to the appellant bank, which bank accepted and cashed all of said checks, and that each of said checks was afterwards charged to the account of the Michie Motor Company in the appellant bank. That Goodson never accounted to appellee for the proceeds of said checks.

The case was tried to a jury, and after both parties had introduced their evidence the trial judge sustained appellee's motion for an instructed verdict in its favor for the amount sued for. From a judgment entered in accordance with the verdict, the bank has appealed.

■ Since the trial was to a jury, the court did not err in refusing to file findings of fact and conclusions of law.

We deem a further statement of the pleadings unnecessary.

Appellant submits several propositions of law, which will not be considered in the order presented.

The appellee asserts that the trial court was justified in directing a verdict under the provisions of the Negotiable Instruments Act (article 5932, § 21), as follows: "A signature by 'procuration' operates as notice that the agent has but a limited authority to sign, and the principal is bound only in case the agent in so signing acted within the actual limits of his authority."

■ In our opinion this section does not apply to this case. It was not shown that the appellant bank had any actual notice of the commission contract between Goodson and the Phillips Company or that his authority as agent was limited by such contract.

In 1 Daniel on Negotiable Instruments (6th Ed.), § 280, it is said: "The general principle is that a principal is bound by act of an agent acting within the general scope of his authority, notwithstanding it is not in conformity to it, is subject to this limitation; that whenever an authority purports to be derived from a written instrument, or the agent signs a paper with the words 'by procuration' in such a case the party dealing with him is bound to take notice that there is a written instrument of procuration and he ought to call for and examine the instrument itself to see whether it justifies the act of the agent. Under such circumstance he is chargeable with inquiry as to the extent of the agent's authority and if, after examining into it, when he knows of its existence—and especially if he has it in his possession,—he ventures to deal with the agent, he acts at his peril and must bear the loss if the agent transcended his authority."

■ The checks involved in this suit were made payable to the Phillips Petroleum Company, and they were indorsed "Phillips Petroleum Company by W. T. Goodson, Agent." Such an indorsement is not notice to the bank that Goodson's authority was evidenced by a power of attorney or other written limitation. If he had indorsed the checks, adding the words "per procuration" or "per proc.," or "attorney in fact," the rule insisted upon by appellee would have applied. So if the court's action in directing a verdict is to be upheld, it must be under the general doctrine relating to the authority of an agent to indorse checks drawn payable to his principal and collect the money thereon. So far as we have been able to find, no case in Texas has decided this particular question. The weight of authority in other jurisdictions sustains the trial judge's action, though there are a few discordant notes.

In 1 Mechem on Agency (2d Ed.) § 952, the author, after discussing the authority of an agent to receive a check as payment, says: "But even if the agent be authorized to accept check or note in payment of the demand and has taken one to the order of his principal, the agent has no implied authority to endorse it and collect the money thereon and the bank paying the check so endorsed is still liable to the principal for the amount thereof"—citing a great many authorities which sustain the text. See, also, 1 Daniel, supra, §§ 290, 291, and authorities cited; 12 A. L. R. 111 note.

■ The appellant contends that, because the evidence shows that the Phillips Petroleum Company gave the Michie Company credit for the amount of the checks, this suit cannot be maintained.

In 1 Mechem (2d Ed.) § 953, it is said: "Of course, where the agent is authorized to receive the check, the fact that he afterwards wrongfully endorses it and obtains the money upon it, does not destroy the effect of the check as payment by the drawer"—citing

numerous cases. Under these authorities the Michie Company could not be required to pay the debt again, and in crediting that company with the amount of the checks the Phillips Company in no way destroyed its right to recover against the bank.

It was not necessary for Goodson, in the performance of his duties, to present the Michie Company's checks to the appellant bank, although they were drawn upon that bank, in order to discharge his duty to his principal, and this is the test ordinarily applied when the acts of an agent are claimed to be within the apparent or implied authority of the agent. By the terms of his commission contract, he bound himself to deposit the checks in the First National Bank. It then became the duty of the First National Bank to look after the matter of collection.

In accordance with the weight of authority, we hold that the bank was not authorized to cash the checks paying the amount to Goodson, and the judgment is therefore affirmed.