## BARNETT v. BARNETT et al.

### No. 1583.

Court of Civil Appeals of Texas. Eastland.

Oct. 16, 1936.

Rehearing Denied Nov. 13, 1936.

Walter Murchison, Jr., of Haskell, and Bruce W. Bryant, of Austin, for appellant.

J. S. Kendall, of Munday, for appellees.

LESLIE, Chief Justice.

This cause was tried before the court without a jury. The judgment was rendered in favor of the defendants, and the plaintiff, A. B. Barnett, appeals.

He seeks to reverse the judgment on the sole ground that no findings of fact and conclusions of law were filed by the trial court, notwithstanding he made two requests therefor in strict compliance with article 2247, Vernon's Texas Civil Statutes 1936 (article 2247, R.S.1925, as amended by Acts 42d Leg., c. 76, § 1). The point has been preserved by a bill of exception and presented here by proper assignment.

There is no statement of facts in the record, hence the material question presented is, as stated in Fidelity Union Fire Ins. Co. v. Pruitt (Tex.Com.App.) 23 S.W. (2d) 681, 683: Can we affirmatively and conclusively say from the record before us that the appellant was not injured by the failure of the trial judge to file findings of fact and conclusions of law, as requested by the appellant and required by article 2208, Vernon's Texas Civil Statutes 1936?

The appellant had the statutory right to have the findings of fact and conclusions of law made and filed in the record as a basis for his appeal. Article 2208, Vernon's Texas Civil Statutes 1936. The language of this statute is mandatory in its nature, twice employing the word

"shall" in requiring such findings and making them part of the record.

The appellant has a right to prosecute his appeal without bringing up the statement of facts. Article 2208, Vernon's Texas Civil Statutes 1936; Fidelity Union Fire Ins. Co. v. Pruitt (Tex.Com. App.) 23 S.W.(2d) 681, 683. He has a right to forego, either from choice or necessity, the expense of a statement of facts. He may agree with the court's findings of fact, but differ entirely as to the conclusions of law to be drawn therefrom. As said in Galveston, H. & S. A. Ry. Co. v. Stewart & Threadgill (Tex.Com.App.) 257 S.W. 526, 529: "It is possible for the trial judge to draw an incorrect conclusion of law from a finding of fact. Where there is no record of his finding of fact, the presumption of fact in support of the judgment might be exactly opposite from the real finding." It may be possible for him to base his appeal upon the findings, etc., and demonstrate in the appellate court the right to have the judgment of the trial court reversed and remanded or reversed and rendered in his behalf. Hence, the injury resulting to an appellant under such circumstances is apparent, arising by reason of the court's failure to observe the statutory mandate when due request is made for the findings, etc., and it is difficult to conceive any reason why the appellant should be put to the necessity of bringing before the appellate court a statement of facts in order to demonstrate that he has been prejudiced in the prosecution of his appeal. Presumption of injury arises from denial of such right, and reversal of the judgment follows, since the record does not show the error to be harmless. Wandry v. Williams, 103 Tex. 91, 93, 124 S.W. 85.

The opinion in Wandry v. Williams, supra, is interpreted in Galveston, H. & S. A. Ry. Co. v. Stewart & Threadgill, supra, in this language: "The opinion is a clear-cut holding that where it is found that the trial judge, after proper and seasonable request, fails and refuses to file findings of fact and conclusions of law, and where no statement of facts is filed, the judgment ought, on proper exception to and assignment of such action, to be reversed. In fact, the court does not predicate its holding upon the fact that no statement of facts appears in the record, but puts the decision solely upon the failure of the judge to file his findings and conclusions. The language of Chief Justice Gaines, who delivered the opinion, follows: 'We conclude that the action of the trial judge in failing and refusing to file his conclusions of fact and law is subject to review by the Court of Civil Appeals and where it is found that he has not done so, the judgment ought to be reversed.' "

Further, this conclusion is warranted, and we think required, under the opinion in Bell v. Blackwell (Tex.Com.App.) 283 S. W. 765, 767. Discussing prejudicial and harmful effect of improper argument, misconduct of the jury, and kindred questions, it is said in that opinion that the decisions of this state "firmly establish the rule to be that, unless it affirmatively appears no prejudice resulted, or that there was no reasonable doubt of the harmless effect of the error, a reversal must follow." That opinion, summarizing the court's conclusions, stated the rule thus: "The real rule is that where error is of such a nature under all the circumstances as probably to have prejudiced the complainant, reversal should follow as matter of law." Citing San Antonio, etc., Co. v. Alexander (Tex. Com.App.) 280 S.W. 753.

So much for the appellant's right to a reversal based upon the presumption of injury resulting from being deprived of his statutory right to have the trial court make up and file in the record his findings of fact and conclusions of law. The record itself affirmatively suggests other definite reasons and circumstances why a failure to obtain the findings results in such prejudicial effect as to entitle the appellant to a reversal of the judgment. Some of the issues raised by the respective pleadings are as follows:

From the plaintiff's standpoint: (1) He alleged that he owned his interest by virtue of a deed from his father, a defendant; (2) also, claimed title by five years' limitation; (3) by ten years' limitation; (4) alleged the land was never the homestead of his father and mother, and the father had a right to convey the land to him by the deed relied upon. (5) That since acquiring it it had become his (appellant's) homestead and not subject to sale under execution in favor of the defendant Mrs. Bradley. (6) He claimed the right of partition on the facts alleged.

From the defendants' standpoint: (1) They presented a general denial; (2) specially denied that appellant ever owned more than a one-sixteenth interest in the land; (3) denied the father's deed con-

veyed one-half interest in the land to appellant, and alleged the deed to be void on the ground that at the time it was executed the land was the homestead ·of the father and family and the deed was not joined in by the wife, then living. (4) Denied that any homestead rights in favor of the appellant had ever attached to the land; (5) contended that his interest, if any, in the land was subject to execution and contested his right to injunctive relief.

The above is a brief summary of the partial list of the issues raised by the pleadings. As held in Fidelity Union Fire Ins. Co. v. Pruitt, supra, "it must be presumed" that the litigants offered testimony to sustain their respective pleadings. Assuming the pleadings to indicate the nature of each litigant's testimony, clearly such testimony, if any, was conflicting, and a judgment for either might have found ample support therein. Hence, we are unable to say that the appellant could not have been injured by the court's failure to file the requested findings of fact and conclusions of law, but we are of the opinion that he was hindered from making a fair presentation of his appeal. Hanlon Gasoline Co. v. Henley (Tex.Civ.App.) 293 S. W. 914; Galveston, H. & S. A. Ry. Co. v. Stewart & Threadgill (Tex.Com.App.) 257 S.W. 526, 529.

Further, and for the additional reason, the record does not show affirmatively that the error in the failure of the trial judge to file findings of fact and conclusions of law in the instant case was harmless. The judgment suggests it was the opinion of the judge that a deed by a husband without a joinder of the wife of a community homestead would be absolutely void. Such is not necessarily the case. 22 Tex.Jur. p. 101, § 69; Id. p. 121, § 85. The findings of the trial judge would be very material in testing the correctness of the judgment in the above and other respects.

Evidently the circumstances reflected by the record calls for an application of the rule stated in Galveston, H. & S. A. Ry. Co. v. Stewart & Threadgill, supra, as follows: "In no case where the trial judge has failed upon request to file his findings of fact and conclusions of law, and where no statement of facts is filed, can the cause be properly disposed of otherwise than by reversal unless some other part of the record shows that no injury could have been sustained by the appellee by such fail-

ure." This rule, as thus stated, was referred to with approval in the opinion by Judge Critz in Fidelity Union Fire Ins. Co. v. Pruitt, supra, and the opinion in this last case was expressly approved by the Supreme Court.

As stated above, there is nothing in the record to indicate that the failure to file the findings of fact and conclusions of law was harmless when viewed from the standpoint of the appellant. The opposite effect doubtless resulted.

For the reasons assigned, the judgment of the trial court is reversed, and the cause remanded.

GRISSOM, J., disqualified and not sitting.