## KING et al. v. FURAY.

### No. 10834.

Court of Civil Appeals of Texas. Galveston.

June 22, 1939.

Rehearing Denied July 20, 1939.

William Grimes, of Houston, for plaintiffs in error.

Russell Scott and Fahey & Cooper, all of Houston, for defendant in error.

GRAVES, Justice.

This appeal by writ of error is from a judgment of the 61st District Court of Harris County, entered upon a jury's verdict in response to a peremptory instruction, wherein the defendant in error, who was the plaintiff below, was awarded, as against the plaintiffs in error, who are the only ones appealing of several defendants below, the title to and possession of 1500 acres of land lying in Harris County, Texas, being all of the Wm. Hedge 1/3 league.

■ There is no statement of facts brought up with the record, and, since the trial below was one with a jury, with the result stated, that is, upon the conclusion of all the evidence the court peremptorily instructed the verdict returned in plaintiffs' favor, the conclusive presumption on the appeal is that the evidence as a whole supported the action so taken. 4 Texas Digest. Appeal and Error, ■

■ It is first contended here that, notwithstanding the fact that the trial was before a jury and ended with the directed verdict indicated, the learned trial court reversibly erred in his refusal, on timely request from the plaintiffs in error, to file his findings of fact and conclusions of law, in support of the judgment so rendered.

This presentment is overruled without extended discussion, under these statutes and interpretations of the courts thereof settling that matter—in the opinion of this court—adversely to this assignment; in other words, in such circumstances, the trial court had no authority to file such findings: R.S. Articles 2208, 2209, and 2210; Sigmond Rothchild Co. v. Moore, Tex.Com.App., 37 S.W.2d 121; Driscoll v. Morris, Tex.Civ.App., 275 S.W. 196; City National Bank v. Petroleum Co., Tex.Civ. App., 47 S.W.2d 357; 39 Texas Jur. 188; 41 Tex.Jur. 1253, sec. 383; Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66.

■ While the two stated conclusions thus made are thought to determine the merits of the appeal, it may not be amiss to point out further the specific reason for the overruling of another of the assignments presented, to this effect: Plaintiffs in error earnestly urge under their third proposition and such supporting authorities as Fidelity Union Fire Ins. Co. v. Pruitt, Tex. Com.App., 23 S.W.2d 681; and Barnett v. Barnett, Tex.Civ.App., 98 S.W.2d 215, that, since their trial pleadings were sufficient to support a judgment for the title and possession of the land, and since in their motion for new trial, following the instructed verdict against them, they alleged

1030

their rights to be dependent upon a determination of several questions of fact upon which the evidence was conflicting, a presumption of law arose in their favor that they "offered testimony sustaining their pleadings."

The conclusive answer to this insistence is, that the record shows none of them filed and supported any plea presenting any affirmative issue in their favor, hence no basis for any presumption that they had introduced evidence conflicting with that upon which the peremptory instruction presumably was based arose; they therefore did not bring themselves within the rule applied by the authorities they so cite, even were it conceded that such a rule applies to a case tried before a jury.

In other words, all of them simply filed pleas negative in character, such as general demurrer, denial, and not guilty, with the single exception of the plea of limitation by one of them; as to this the judgment recites as follows: "And the defendant Joseph Roy having answered herein by his attorney, and being present in person and by his attorney in court, said nothing. It therefore appears to the court that the plaintiff is entitled to a judgment nil dicit against both the said defendant, Joseph Roy, and against defendant, John C. King."

Further discussion being deemed unnecessary, since these conclusions require an affirmance of the judgment, it will be so ordered.

Affirmed.