**Jack A. FARR et ux., Appellants,**

v.

**J. Alex McKINZIE et al., Appellees.**

**No. 587.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 1, 1972.

Rehearing Denied March 22, 1972.

Bennett B. Patterson, Patterson & Mc-Daniel, Louis M. Moore, Moore, Morris & Payne, Houston, for appellants.

Emory T. Carl, Carl, Lee & Fisher, Joe H. Reynolds, Reynolds, White, Allen & Cook, Fred Much, Houston, for appellees.

BARRON, Justice.

This case involves the power and the right of a trial court to enter an agreed judgment and the extent and nature of the judgment so entered.

On May 12, 1960, Jack A. Farr and wife, Ura E. Farr, filed suit in District Court of Harris County for the benefit of themselves, Trail Drive-In, Inc. and each and all of its stockholders, and against J. Alex McKinzie, George Heck, J. W. Hill, Herbert C. Graham, Trail Drive-In, Inc.,

Southwestern Theatre and Equipment Company, and Jefferson Amusement Company. The suit remained on the docket of the court without trial for about eleven years. However, there was a venue appeal [see Farr v. Jefferson Amusement Company, 396 S.W.2d 434 (Tex.Civ.App.—Texarkana 1965, writ dism'd)], a condemnation proceeding involving some of the land in litigation, and various other actions by the trial court during such eleven-year period. On February 16, 1970, Jack A. Farr, omitting his wife as a party, amended his pleadings by the filing of his second amended original petition. In such petition Ione Heck Menasco was sued individually and as independent executrix of the estate of George Heck, deceased, joined by her husband. The amended pleadings omitted Trail Drive-In, Inc. (hereinafter called Trail) and its stockholders as plaintiffs, and omitted Southwestern Theatre and Equipment Company and Jefferson Amusement Company as defendants. In his final amended pleading above, Farr reasserted his claim against the defendants, sought specific performance of an alleged oral option contract to purchase all business and properties of Trail for a cash price of $450,000.00, sought damages in a sum equal to all dividends and benefits of every kind received by defendants, jointly and severally, from the operation of Trail and Theatre Sales Company, during the period from January 22, 1960, to date of judgment, alleged to be about $497,896.00, plus interest; sought damages from Trail for an alleged breach of contract, and alternatively, for specific performance of the alleged option contract aforementioned to purchase the capital stock of Trail, and for other relief. All defendants answered, and all parties were represented by counsel.

Trial of the above cause began with a jury empaneled on May 17, 1971. On May 26, 1971, after eight days of trial, the jury was given a recess by the trial court to permit the attorneys and parties to reach a possible settlement of all issues then being tried. All parties did within a short time agree to a complete settlement as evidenced by a hand-written memorandum of settlement which was placed in the possession of the trial court in chambers about 1:45 p. m. on May 26, 1971, initialed by all counsel and all parties. After some discussion with the trial court, all counsel and all parties personally approved the settlement agreement as written, and the court orally announced to all parties and counsel that an appropriate judgment based upon what had been recited in the agreement would be entered in the case. This statement was made more than once on that date, but the record does not reflect whether the trial court was in chambers when the statement announcing his decision was orally made or whether he was in open court or both. In any event, there was some dispute and objection as to the form of judgment the court was to sign and the trial court named several attorneys representing the parties to prepare a judgment in accord with the settlement agreement, a release to be attached to the judgment and a contract as stipulated in the memorandum was to be attached, all at the direction of the court. At the request of counsel, and on motions for signed and formal judgment filed, the trial court set June 17, 1971, as the date for a hearing prior to his "signing, rendering and entering" of the judgment.

The trial court's docket sheet shows as follows: "May 26, 71. Jury given recess —at 2:00 p. m. settlement reached among parties & dictated into record (court reporter notes). 2:30 p. m. jury discharged. (WH)."

At the June 17, 1971 hearing, attorneys for Farr seriously protested the entry of the proposed judgment as prepared and made various objections thereto. While there was no objection to entering the judgment as strictly an agreed judgment in the form and words of the settlement memorandum, protests and objections were made that the proposed judgment was not in accord with the agreement, that the pro-

posed release to be given by Farr was erroneous and was never agreed to, that the attempt in the form of judgment of the trial court to absolve one of defendants from any error or wrongdoing was not agreed to, that the proposed agreement for the sale of real estate altered Farr's rights and was erroneously drawn, that there was no agreement regarding two motions in limine which the court included in the judgment, and that no tender of $5,000.00 was made as allegedly provided by the agreement. Various points of objection and alleged misconstruction by the trial court of the actual memorandum of agreement of the parties were made by Farr's attorneys. The settlement memorandum was attached to the judgment as Exhibit "A" and made a part thereof, and the sales agreement form was attached as Exhibit "C". At this time Farr and his counsel refused to sign the judgment for approval and gave notice of appeal in open court. The trial court signed the judgment on June 17, 1971, and had it entered, including the written agreement of the parties, as the judgment of the court.

There was a conceptual difference between counsel for Farr and the trial court, the court taking the position that after the agreement was made it was his duty and prerogative to interpret the agreement; that the judgment was then not necessarily an agreed judgment but the "court's judgment"; that the court "had to be the final arbiter as to what agreement was based upon the instrument, which is, of course, subject to review." Counsel for Farr at all times took the position that the court's duty was nothing more than a ministerial act of recording the agreement of the parties, "because an agreed judgment is nothing more than a contract." So far as the formal entry of judgment is concerned, the trial court was correct, but so far as his interpretation of his duties and prerogatives pertaining to the substance of an agreed judgment is concerned, the tolerant trial court was in error as demonstrated below.

However, from the signing of the memorandum of settlement on May 26, 1971, at least until the perfection of this appeal by Farr, neither Farr nor his counsel had ever repudiated the signed agreement, which was a part of the judgment of the trial court. Appellant, through counsel, has repeatedly stated that he had no objection to the entry of judgment in accordance with the memorandum of agreement for judgment with nothing further. Counsel so stated repeatedly during the hearing on June 17, 1971, on the signing and entry of formal judgment. In a letter to the court dated June 9, 1971, counsel for appellant reiterated his position and merely pointed out the objections as noted above. On appellant's motion for judgment and alternate motion for mistrial filed June 4, 1971, he again urged the trial court to enter judgment based solely upon the written memorandum. In his motion for new trial dated and filed June 25, 1971, appellant steadfastly remained convinced that the judgment of the court should include the written memorandum and nothing else, and that the final judgment should be "a reformed judgment in accordance with the agreement of parties, . . . .". Appellants' prayer in his motion for new trial was as follows:

"WHEREFORE, PREMISES CONSIDERED, the plaintiffs, Jack A. Farr, and wife, Ura E. Farr, pray that this Motion shall be granted, and pray that the Court will enter Judgment in accordance with the obvious real and apparent intention of the parties as reflected in and contained in Exhibit 'A' which is attached to the Judgment, *and the said Jack A. Farr and Ura E. Farr do announce to this Court, and to any Appellate or Reviewing Court, that they are willing to stand by and abide by their agreements made as set out in Exhibit 'A', attached to the Judgment of the Court dated June 17, 1971, provided that there are no embellishments, additions, interpretation, or augmentation of the agreements so made by them* as set forth

**676** ■ 

in Exhibit 'A', and that they have always been willing to do so." (Emphasis added).

The motion was signed by counsel for Farr.

It was not until appellant filed his brief in this Court that he sought a reversal and remand, and prayed "for all other relief, general or special, legal or equitable, to which they may be entitled upon this appeal, . . .". On this appeal appellant, Farr, contends that the trial court erred in entering an agreed judgment when appellant did not consent or agree to same and in entering a judgment which contained provisions and terms not in accord with the agreement of the parties. Various contentions evidenced by a total of nine "condensed" points of error specifically complain of the judgment in various particulars, which Farr contends were not agreed to by him.

 The law seems to be clear that a valid consent judgment cannot be rendered by a trial court when consent of one of the parties is lacking, and even though consent may have at one time been given by such dissenting party, consent must exist at the very moment the trial court undertakes to make the agreement the judgment of the court. See Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288 (1951); Matthews v. Looney, 123 S.W.2d 871 (Tex.Com.App. 1939, opinion adopted); Beazley v. Randolph, 409 S.W.2d 487 (Tex.Civ.App.— Houston 1966 writ ref'd n.r.e.). And it is clear that a judgment by agreement (as is the nature of the present judgment) must fall strictly within the stipulations and agreements of the parties. Wyss v. Bookman, 235 S.W. 567 (Tex.Comm.App.1921, holding approved); Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786, 788 (1941). The court has absolutely no power to supply terms or any essential details of a judgment which were not previously agreed to by the parties, as was apparently done in this case. Matthews v. Looney, supra. In such case, the court merely ex-

ercises a ministerial function in recording what has been agreed to. See 33 Tex.Jur. 2d Judgments Sec. 103, pp. 620–621 (1962), and cases cited.

 It should be here noted that the trial court on May 26, 1971, announced to all parties and all counsel that the written agreement made by them would be the judgment of the court. A judgment so rendered in open court generally becomes the judgment of the court as of the time of such oral announcement. There is, however, an indication that the judge was in his chambers when the above occurred and was not in open court, though his docket entry and other facts seem to contradict the above. A judgment is rendered as of the date on which the trial judge declares in open court his decision on the matters submitted to him for adjudication, and oral pronouncement by the court of its decision is sufficient for "rendition" of judgment. See Leatherwood v. Holland, 375 S.W.2d 517, 519 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n.r.e.); Esco v. Argonaut Insurance Company, 405 S.W.2d 860, 863–864 (Tex.Civ.App.—Beaumont 1966, writ ref'd n.r.e.); 33 Tex.Jur.2d Judgments Sec. 20, p. 510 (1962). Oral pronouncement of judgment, however, has nothing to do with the determination of the timetable for various steps in an appeal. See Texas State Board of Examiners in Optometry v. Lane, 337 S.W.2d 801, 803 (Tex.Civ.App.—Fort Worth 1960, writ ref'd). The record may support the above theory, but we do not base our ultimate decision upon oral pronouncement of judgment in open court on May 26, 1971.

In Burnaman v. Heaton, supra, 240 S. W.2d p. 291, we find the following language:

"When a trial court has knowledge that one of the parties to a suit does not consent to a judgment, agreed to by his attorney, the trial court should refuse to give the agreement the sanction of the court so as to make it the judgment of

the court. Any judgment rendered on the agreement under such circumstances will be set aside."

The above is not what we have in this case. In Burnaman only the dollar amount of the settlement was involved, and settlement was made only by an attorney with the court's knowledge that the plaintiff was dissatisfied with the settlement. All parties here did agree to the judgment so far as the settlement memorandum in writing was concerned, but all parties (plaintiff Farr) did not agree to other aspects, "embellishments" and additions to the written memorandum included in the judgment of the trial court. The written settlement memorandum was made a part of the judgment of the court and adopted as such, but what Farr objects and objected to were the so-called "embellishments"—not the written settlement agreement.

■ While an agreed or consent judgment is construed as a contract generally [see *Empire Gas & Fuel Co. v. Railroad Commission of Texas,* 94 S.W.2d 1240, 1242 (Tex.Civ.App.—Austin 1936, writ ref'd).], such judgment is more than a mere contract between the parties and should be construed as if the judgment had been imposed by the court after trial on the merits. See *Wagner v. Warnasch,* 156 Tex. 335, 295 S.W.2d 890, 893 (1956); 33 Tex.Jur.2d Judgments Sec. 106, p. 625 (1962).

■ On October 19, 1971, the trial court ordered appellants to have prepared a statement of facts including each of the matters and items requested and designated by Trail, and to submit and file the same in this court, including and filing with the said statement of facts the originals of plaintiff's and defendants' exhibits. Such order is completely void. An appellant cannot be forced to file a statement of facts, or exhibits, in an appellate court if he does not choose to do so. See *Fidelity Union Fire Ins. Co. v. Pruitt,* 23 S.W.2d 681, 683 (Tex.Com.App.1930, holding approved); *Barnett v. Barnett,* 98 S.W.2d 215, 216 (Tex.Civ.App.—Eastland 1936, no writ); *Rudolph v. Hanes,* 106 S.W.2d 743 (Tex.Civ.App.—Fort Worth 1937, no writ). The trial court had no authority to enter such an order, and a complete statement of facts with exhibits such as ordered filed is wholly and obviously unnecessary in this case involving an agreed judgment. What proof was made and what transpired prior to the beginning of settlement of this case is necessarily immaterial and of no possible benefit to an appellate court under the complaints made here. This situation presents one of the rare exceptions to the rule that a complete record is required for appellate review. The transcript, testimony pertaining to proceedings concerning the settlement agreement on May 26, 1971, testimony and statements of counsel on motion for judgment on June 17, 1971, and testimony and statements of counsel on motion for new trial were all included in the record. Since the prior evidence adduced was immaterial to a contractual settlement, we deem the record sufficient. See *Owen v. Finigan,* 381 S.W.2d 578 (Tex.Civ.App.—Eastland 1964, writ ref'd n.r.e.); 3 Tex.Jur.2d Appeal and Error Secs. 448, 449, pp. 696–699 (1959).

■ As we stated above, the trial court did make the settlement agreement as written a part of its judgment, and the real complaints lodged by appellant to the judgment are the additions and interpretations by the trial court of such agreement which were included in the court's judgment. While we believe that some of appellant's objections are based on harmless error, are beneficial to appellant or are immaterial, the court below had no power to alter the agreement or to · supply the additional terms as it did. The court had only the power to put the agreement into recordable judgment form.

Being persuaded that the case of Burnaman v. Heaton, supra, and similar cases require a party's consent to the entry of an agreed or consent judgment at the very

moment the trial court undertakes to make the agreement the judgment of the court, and that such consent was lacking in this case, we accordingly reverse the judgment of the trial court and remand the case for a new trial. We do not pass upon the effect of the agreement or memorandum of settlement made by the parties in writing. All costs are assessed against appellees.

Reversed and remanded.