## ST. PAUL FIRE & MARINE INS. CO. v. HUFF. (No. 1372.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 6, 1915. Rehearing Denied Jan. 21, 1915.)

1. INSURANCE (§ 672*)—AVOIDANCE FOR MIS-REPRESENTATIONS — IMMATERIAL REPRESEN-TATIONS.

Under Rev. St. § 4947, providing that a misrepresentation in an application for insurance must be material to a risk to avoid the policy and must be so shown upon the trial and decided as a question of fact, where the jury specially found that misrepresentations were made, but that they were not material to the risk, insurer is not entitled to judgment upon the findings.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1789, 1790, 1792–1794; Dec. Dig. § 672.*]

2. INSURANCE (§ 255*)—AVOIDANCE FOR MIS-REPRESENTATIONS—"MATERIAL RISK."

A misrepresentation "material to the risk" is one concerning a fact which would induce the insurer to decline the insurance or to charge a higher premium.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 548; Dec. Dig. § 255.*]

3. INSURANCE (§ 665*)—ACTIONS ON POLICIES —SUFFICIENCY OF EVIDENCE—MATERIALITY OF MISREPRESENTATIONS.

In an action upon a policy insuring an automobile, evidence *held* to warrant the jury in finding that misrepresentations not fraudulently made as to the cost of the automobile and the length of time it had been used were not material to the risk.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1707–1728; Dec. Dig. § 665.*]

4. INSURANCE (§ 334*) — FIRE INSURANCE — CAUSES OF LOSS—SUCCESSIVE FIRES—NEGLI-GENCE.

Where an insured automobile was totally destroyed by two fires occurring a few days apart, the insured could not defeat recovery on the policy on the ground of the owner's negligence in not properly safeguarding the automobile after the first fire, where the policy contained no clause requiring him to do so.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 847–852, 854, 855; Dec. Dig. § 334.*]

5. APPEAL AND ERROR (§ 931*) — PRESUMP-TIONS—FINDINGS TO SUPPORT JUDGMENT.

Where the jury, in an action on a fire insurance policy requiring the insured to furnish proof of loss within 60 days, found that the insured gave reasonable notice of loss before bringing suit, and there was evidence to support a finding that the insurer waived the requirements for proof of loss, it will be presumed, in support of a judgment for the insured, that the court found such waiver.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. § 931.*]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action by G. W. Huff against the St. Paul Fire & Marine Insurance Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

E. G. Senter, of Dallas, for appellant. Thos. P. Steger, of Bonham, and J. G. Mc-Grady, of El Paso, for appellee.

LEVY, J. The policy of insurance sued upon in this case insured an automobile and its equipment against loss or damage by fire to an amount not exceeding $1,000. While the policy was in force, the automobile was damaged and practically destroyed by fire, being burned twice about two or three days apart. The defense was failure to make proof of loss within 60 days and of appraisal of the loss after demand therefor by the insurer, and misrepresentation of material facts concerning the subject of insurance. The defendant further pleaded as a defense failure and neglect of the insured to protect and safeguard the automobile from further damage after the first fire occurred. The case was submitted to the jury on special issues. The court, with the assistance of the jury findings, entered judgment for the plaintiff for $850.

[1-3] Appellant insists that it was entitled to, and the court erred in refusing to give, judgment in its favor on the several answers of the jury in respect to representations by the insured concerning the subject of insurance. Appellant pleaded as a defense that the assured, in his written application for the policy, materially misrepresented the cost and the service to which the machine had been subjected. In the application for the policy the assured stated:

"(11) The cost to the assured of the above-described automobile, including its equipment, was $1,850.00." And "(9) the above-described automobile, when purchased by its present owner, was secondhand (been run three months)."

In respect to the answer made to question 11, it appears from the evidence that the assured did not pay the amount mentioned in cash for the machine, but traded Mr. Maloney property equivalent to that value for it. The agent of the appellant who took the application testified:

"I did not ask Mr. Huff the circumstances of the purchase of his car. I only asked him what it cost. I undertook to use his exact language in every instance in filling out the blank. Mr. Huff answered, '$1,850.' There was nothing said at that time about that being a trading proposition, as I remember."

In respect to the ninth question, it is true, according to the evidence, that the machine was a secondhand one at the time it was purchased by the assured. It had been run by the former owners about a year. According to appellant's agent, he, at the time he took the application for the policy, "examined it closely, and it looked all right, nearly as good as new." According to the appellee's testimony, he understood he was answering the question as to the time of service since he had purchased it, which was truly about three months before the date of the application for insurance. Appellee further said, "I had no knowledge whatever about how long that machine had been run when I got it." It is apparent that none of the answers were fraudulently made. The jury made the find-

ings that the statements in the application were made by the assured, but that neither statement was material to the risk. The legal effect of the findings of the jury is to deny a forfeiture of the policy for the alleged representations. The statute provides that "the matter or thing represented" in "the answers or statements made in the application" must be "material to the risk" in order to avoid the contract, and that it must be so shown upon the trial and decided as a question of fact. Article 4947, R. S. The manifest purpose of the statute was to leave open to judicial investigation in the ordinary way the question of whether the fact concerning which inquiry was made and an untrue answer given was material to the risk. If the fact untruly represented was something not found to be material to the risk, then the policy should not be avoided. Generally stated, a fact would be material to the insurance risk which would induce the insurance company to decline the insurance altogether, or not to accept it unless at a higher premium. Taking this as a fair test, in a general way, of the materiality of a fact in regard to insurance, it is believed that reasonably careful and intelligent men might have regarded the answers complained of as facts not materially affecting the insurance contract. The policy here is an open one in which the value of the machine is left to be estimated in case of loss by fire not to exceed the specified sum; and the statements or facts represented in the application may be regarded as information bearing only upon insurable value of the machine. Comparing such statements as representations of insurable value with the amount of insurance granted, the inference is allowable that they did not influence the accepting or rejecting of the risk. The amount of insurance granted was considerably less than the amount asked for in the application, and the evidence shows that the valuation of $1,850 was not accepted or acted on by the general agents, but the value was acted on by them independently. It appears from the record that the machine was a thing having insurable value if either statement had been correctly given, and it also appears that the matters stated did not have an effect upon, and would not have changed, the rate of premium charged if correctly given.

[4] Appellant was not by the terms of the policy entitled to claim a forfeiture of the policy for negligent failure of the insured to properly safeguard and protect the machine from further damage. And further, the fire, and not the negligence, should be considered here the proximate cause of the loss. The court did not allow the amount of loss occasioned by the theft or trespass.

[5] Appellant next complains, by several assignments, that the court erred in entering judgment for appellee upon the answers of the jury. Taking the facts found by the jury,

as necessary to a recovery by appellee, and giving the proper legal effect thereto, appellee would be entitled to a judgment, and the court did not err in that respect. It is deemed only important to here allude to the questions in respect to proofs of loss and appraisal of the loss. The requirement of the policy is that the insured should give immediate notice of any loss, and within 60 days after the fire render a statement as to the loss. The jury found that before bringing suit the insured gave reasonable notice of the claim and the amount thereof. And the answers of the jury have some support in testimony. And it is believed that the court was warranted in finding, as in support of the judgment we must assume he did, that the appellant waived any defense in respect to failure to furnish proofs of loss. Appellant demanded an appraisement of the loss under the terms of the policy, and appellee went to the expense of preparing for and complying with such demand. Insurance Co. v. Moriarty, 37 S. W. 628. And as well do the acts and circumstances in evidence make an issue of fact of the waiver or abandonment on the part of appellant of appraisement after the demand therefor and consent thereto by appellee.