CALIFORNIA INS. CO. v. EADS et al. (No. 887.)

(Court of Civil Appeals of Texas.   El Paso. Feb. 13, 1919.   Rehearing Denied March 6, 1919.)

1. INSURANCE ⊜⟿668(6)—DIRECTION OF VERDICT—CONTROVERTED QUESTION OF FACT.

In action on fire policy covering an automobile, *held*, it was a controverted question of fact whether any representation was made about the automobile being paid for, and also as to whether any misrepresentation, if made, was material, so that court did not err in refusing to instruct a verdict for defendant.

2. APPEAL AND ERROR ⊜⟿930(3)—FAILURE TO REQUEST SUBMISSION OF ISSUE—PRESUMPTION.

Where it was doubtful whether defendant would have issued fire policy, where dealer had taken notes in full payment, to have submitted issue whether automobile was fully paid for, as represented, would not have made it an ultimate basis for judgment; and, as defendant did not request submission of issue whether misrepresentation was material, it must be presumed on appeal that it was found in favor of the judgment entered.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Mrs. O. B. Eads and others against the California Insurance Company. From the judgment rendered, defendant appeals. Affirmed.

Brown & Wilchar and Gold & Page, all of El Paso, for appellant.

Jno. L. Dyer and Gowan Jones, both of El Paso, for appellees.

HARPER, C. J.   This is an appeal from a judgment for $1,000 and interest in an action upon a fire policy covering an automobile. The defense pleaded and the reason urged for a reversal of the judgment is that the plaintiff had misrepresented in the application that the automobile was fully paid for, when in fact only $85 of the purchase price, $1,485, had been paid; that this was material, in that the company would not have issued the policy, had its agents known the facts.

---

The case was tried to a jury and submitted upon special issues. The jury found that the automobile was not mortgaged at the date of the application for the policy, and that O. B. Eads did not represent to the solicitor of the defendant that the automobile had been fully paid for in cash.

The facts are that O. B. Eads purchased the automobile for $1,485, paid $85 cash, and gave his personal notes for the balance, with the understanding with the vendor that the notes should be taken in full payment without lien; that after delivery, and before the application for insurance, he made his wife a present of the machine; that the solicitor for the insurance company approached the husband to take out the policy, and whatever questions were asked about the purchase of the machine were asked of him, and he testified that he was not asked the question, "Was the machine paid for?" that the only question asked was, "Is the machine mortgaged?" The solicitor testified that he asked whether the automobile was paid for, and that the answer was, "Yes;" that for that reason he did not ask about a mortgage. There is neither pleading nor proof that the application in evidence was signed by the applicant. It purports to have been signed by Mrs. Eads.

We therefore conclude that the solicitor simply interrogated the husband, and made the entries found upon the application, which contains the question and answer, "Is the automobile fully paid for?" Answer, "Yes."

[1] The court did not err in refusing to instruct a verdict for defendant, because it was a controverted question of fact whether or not any representation was made about the car being paid for, and it was also a question of fact for the jury or the court, under the testimony in this case, as to whether such a misrepresentation, if made, was material to the risk.

The other assignment is that the court erred in refusing the following special issue requested by defendant:

"Was the automobile in question fully paid for at the time of plaintiff's application and the issuance of the policy?"

[2] The effect of appellant's contention under both of these assignments and propositions thereunder is that, if the solicitor had known that the insured had not paid as much as 50 per cent. of the value of the car, at least 33⅓ per cent., the company would not have issued the policy; but the testimony of defendant's witnesses leave it in doubt whether the policy would have been issued under the circumstances of this case, where the automobile dealer had taken notes in full payment of the machine. So to have submitted the issue requested, and to have had it answered in the affirmative would not

have made it an ultimate basis for a judgment for defendant, for the reason that the court or jury must have followed this finding with the further finding that such a misrepresentation was material to the risk, in that it probably would not have issued the policy had it possessed the knowledge, and the latter issue was not submitted, nor did defendant request its submission. Therefore it must be presumed that this the latter and ultimate issue was found in favor of the judgment of the court as entered. Lofland v. Greenwood, 181 S. W. 517.

Finding no error in the record, the cause is affirmed.