## POTOMAC FIRE INS. CO. v. TURNER.
### No. 9232.

Court of Civil Appeals of Texas. San Antonio.

Jan. 24, 1934.

T. M. West and Nat L. Hardy, both of San Antonio, for plaintiff in error.

Morriss & Morriss, of San Antonio, K. K. Woodley, of Sabinal, and Burgess, Burgess, Chrestman & Brundidge, of Dallas, for defendant in error.

MURRAY, Justice.

Defendant in error, A. A. Turner, as plaintiff below, instituted this suit against plaintiff in error, seeking to recover upon an insurance policy covering oats owned by Turner.

The certificate of insurance was for the sum of $5,000, was dated March 1, 1932, was delivered to defendant in error March 12, 1932, and the oats were destroyed by fire March 14, 1932.

The trial was before the court, without the intervention of a jury, and resulted in a judgment in defendant in error's favor and against the insurance company for the sum of $4,314.30. Certain interveners were given rights in this judgment as lienholders not necessary to set out in detail here.

The insurance company has sued out a writ of error to this court.

The first proposition presented by plaintiff in error is that Turner should not have been permitted to recover because he failed to comply with the record warranty clause of the policy, which required him to take an inventory and keep a set of books.

The certificate provided: "The assured shall at the beginning of each season * * * take a complete itemized inventory, etc. * * * *"

It is clear from this clause that the inventory was to be taken at the beginning of

each season. The evidence does not disclose that any season began after March 1 and before March 14, 1932, the date of the fire. The clause related to what was to be done in the future, and no breach of its provisions is shown by the evidence. The most favorable construction to the insurance company that can be placed on this provision is that such inventory was to be taken within a reasonable time after the policy was issued or delivered. The policy had only been issued for fourteen days and delivered for two days; certainly this did not show a reasonable time within which to take 'an inventory. There was no warranty that an inventory had been previously taken by the insured. Royal Ins. Co. v. W. P. Wright & Co. (Tex. Civ. App.) 148 S. W. 824.

 The books kept by the insured were a reasonable and substantial compliance with the provisions of the policy. The language of the warranty is that insured "shall also keep a set of books and records showing the exact quantity of * * * grain * * * deposited on premises and/or removed from the premises, and if any of the * * * grain * * * for which the assured may be legally liable, is graded, bought or sold by assured, shall produce accurate record of grades, quantities and prices involved in such transactions." The books furnished this information from March 1 to 14, 1932.

Plaintiff in error's second assignment of error is as follows: "The trial court erred in rendering a judgment for the defendant in error, Turner, because the policy herein sued on provided that the policy would be void if an execution or order of sale was issued and the insured property was posted for sale, and said insured property was not only levied upon but notices of sale were actually posted."

The evidence discloses that the levy and sale complained of occurred before March 1, 1932, and therefore could constitute no breach of a policy issued on March 1, 1932. This assignment is overruled.

The third assignment of error complains of the failure of the assured to sign a sworn statement required by the policy. The assured appeared and answered all questions propounded, which were reduced to writing, but asked permission to consult with his counsel before signing same. This he had a right to do. He pleaded and proved his willingness to sign the statement provided one or two minor corrections were made in the statement. Such conduct did not constitute a breach of the policy. The company had all the information that it could have secured from a signed statement, and Turner admitted making the same under oath. The assignment is overruled.

The fourth assignment of error complains because Turner was not the sole and unconditional owner of the oats, which warranty was contained in the policy. It was contended that there was a mortgage on the oats in favor of Mayhew Lumber Company, and an interest in T. M. Woodley to secure a debt incurred by reason of Woodley advancing money to pay off a judgment.

Under article 4890, Revised Civil Statutes 1925, the fact that property is incumbered by a lien does not violate this warranty. There is no interest in the oats shown to exist in Woodley, but, even if this was shown, the policy provided it should be void on this ground unless otherwise provided by agreement indorsed thereon. The certificate of insurance covered property "owned, or held by the insured in trust, or on commission, or on joint account with others, or sold but not delivered"; therefore the sole ownership warranty was ineffective, because it was otherwise provided. This assignment is overruled.

The fifth assignment is simply a combination of the first four assignments, and is overruled.

The judgment is affirmed.