## FRANKLIN FIRE INS. CO. OF PHILA-DELPHIA v. FULLEN.

### No. 3919.

Court of Civil Appeals of Texas. El Paso.
Feb. 29, 1940.

Rehearing Denied April 4, 1940.

R. D. Cox, Jr., and Strickland, Ewers & Wilkins, all of Mission (J. E. Wilkins and Orville I. Cox, both of Mission, of counsel), for appellant.

Carter & Stiernberg, of Harlingen, for appellee.

PRICE, Chief Justice.

This is an action on an insurance policy for the destruction of a truck by fire filed· in the District Court of Cameron County by appellee, J. A. Fullen, hereinafter called plaintiff, against The Franklin Fire Insurance Company of Philadelphia, hereinafter called defendant. The parties joined issue and a trial was had before a jury. On the findings of the jury the court entered judgment in favor of plaintiff in the sum of $1,000. From such judgment defendant duly perfected appeal, and the case is here for review.

Plaintiff alleged the issuance of the policy, the destruction of the truck by fire, that its value was $1,000, the making of proper proof of loss, the waiver of such proof of loss by defendant, denying through its agent liability on the policy.

Defendant answered by general demurrer, general denial, and specially pleaded: Paragraph four of the answer alleged in

371

substance that by the terms of the policy it was agreed that the automobile insured was free from encumbrance and nothing was owed by the insurer for the purchase price thereof; and it was agreed that the validity of the said policy was conditioned thereon; that in truth and in fact there were two encumbrances on the said automobile, one a chattel mortgage securing the sum of $795, representing the unpaid purchase money of the vehicle and upon which there remained unpaid at the time of the issuance of the policy the sum of $573; a second encumbrance in the sum of $250 evidenced by chattel mortgage; that at all times prior to the alleged destruction of the truck it was without notice of said mortgages and the fact that the purchase money was unpaid. In short, a warranty as to the non-existence of encumbrances and of the full payment of the purchase price and a breach thereof was pleaded. Paragraph five of the answer was in the alternative and pleaded practically the same matters as paragraph four, but charged same as wilful misrepresentations and that same were material to the risk; reliance thereon by the defendant without notice as to the falsity of such representations. Paragraph six of the answer sets up the charges that in order to obtain the policy plaintiff represented that the purchase price of the automobile was fully paid, when some $573 was unpaid; that it was represented that the vehicle was unencumbered, when in truth and in fact it was encumbered in the manner and amounts alleged in paragraph five; sets up further that such representations were material to the risk, and defendant, as soon as it learned of the falsity of such representations, notified plaintiff of its refusal to be bound by the policy and tendered into court for the benefit of plaintiff the sum of $51.90, the amount of the premium, with 6% interest from the date of the payment thereof. The misrepresentations were charged to have been wilfully false and made with the intent of inducing defendant to issue the policy thereon. Paragraph seven charges, contrary to the provisions of the policy, the truck in question was, at the time it was destroyed, being used in a public livery service. Eight denied under oath that proof of loss had been filed in accordance with the terms of the policy; nine charged on information and belief that plaintiff caused or procured the truck to be destroyed by fire to obtain the insurance thereon.

Plaintiff filed supplemental petition in reply to the answer of defendant; among other matters, special exceptions were urged to paragraphs four, five and six of defendant's answer. These special exceptions were sustained by the court and the said portions of the answer were stricken.

It is deemed unnecessary to set up the special exceptions in detail, as in reality they amounted to no more than general demurrers. The legal grounds for these special exceptions are Articles 4890, 5043 and 5046, of the Revised Statutes of 1925—in fact each of said articles was copied in his exceptions. I ven though it does somewhat lengthen this opinion we shall copy herein said articles.

"Art. 4890. Lien on insured property.— Any provision in any policy of insurance issued by any company subject to the provisions of this law to the effect that if said property is encumbered by a lien of any character or shall after the issuance of such policy become encumbered by a lien of any character then such encumbrance shall render such policy void shall be of no force and effect. Any such provision within or placed upon any such policy shall be null and void."

"Art. 5043. * * * Misrepresentation by policy holder.—Any provision in any contract or policy of insurance issued or contracted for in this State, which provides that the answers or statements made in the application for such contract or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable, and whether it was material and so contributed in any case shall be a question of fact to be determined by the court or jury trying such case."

"Art. 5046. * * * Misrepresenting loss or death.—Any provision in any contract or policy of insurance issued or contracted for in this State, which provides that the same shall be void or voidable, if any misrepresentations or false statements be made in proofs of loss or of death, as the case may be, shall be of no effect, and shall not constitute any defense to any suit brought upon such con-

tract or policy, unless it be shown upon the trial of such suit that the false statement made in such proofs of loss or death was fraudulently made, and misrepresented a fact material to the question of the liability of the insurance company upon the contract of insurance sued on, and that the insurance company was thereby misled, and caused to waive or lose some valid defense to the policy."

A copy of the policy in question is attached to plaintiff's petition as an exhibit, and by reference made a part thereof. It purports to be a Texas Uniform Standard Automobile Policy, Combination Form. The coverages of the contract in question are numerous, but the only one involved is as to damage by fire. No written copy of an application accompanies the policy—in fact one was not made, and it was not contemplated that such written application be made. Under the heading "Declarations" are the following: "Item 4. Description of the automobile and the facts respecting its purchase by the named insured."

Under this item there are numerous matters responsive thereto, among other things this question and reply thereto:

"Is automobile fully paid for?" "Yes."

"Item 5. State amount of lien, mortgage or other encumbrance, if any." "None."

"Item 8. This policy is made and accepted subject to the provisions, exclusions, conditions and declarations set forth in this policy."

Further pertinent provisions of the policy as to matters involved are as follows:

"The Home Indemnity Company, New York and The Franklin Fire Insurance Company of Philadelphia, Pa. (Each a Stock Insurance Company hereinafter called the Company)

"Section 1. Do hereby severally agree with the Insured named in the Declarations made a part hereof, in consideration of the payment of the premiums and of the statements contained in the Declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy * * *

"To pay for any direct loss or damage to the automobile and its operating equipment * * * caused by (a) Fire, arising from any cause whatsoever, * * *."

"Misrepresentation and fraud.—This entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or in case of any fraud, or false swearing by the insured touching any matters relating to this insurance or the subject thereof whether before or after a loss."

"Declarations.—By acceptance of this policy the named Insured agrees that the statements in the Declarations are his agreements and representation, that this policy is issued in reliance upon the truth of such representations, and that this policy embodies all agreements existing between himself and the Company or any of its agents relating to this insurance.' "

The above copied portions of the policy were the basis of paragraphs four, five and six of defendant's answer, coupled with appropriate allegations to show the breach of the alleged warranties, the falsity of the representations and their materiality.

Under Article 4890 there can be little question as to the correctness of the court sustaining the special exceptions insofar as same set up a warranty as to encumbrances. The article in specific terms condemns such a provision. International Ind. Co. v. Duncan, Tex.Civ.App., 254 S.W. 233; Hartford Fire Ins. Co. v. Owens, Tex.Civ.App., 272 S.W. 611; Potomac Fire Ins. Co. v. Turner, Tex. Civ.App., 67 S.W.2d 1080.

Paragraph four invokes as a breach of warranty the declaration that the automobile was fully paid for. This, we think, is ruled by Article 5043, and the falsity thereof could only be urged in the event same was material to the risk. St. Paul Fire & Marine Ins. Co. v. Huff, Tex. Civ.App., 172 S.W. 755.

We think there was no error in the court sustaining the special exception to paragraph four.

Paragraphs five and six of defendant's answer plead in substance: first, that plaintiff represented in the policy that the truck was paid for and was unencumbered —both were false and both were material to the risk; second, that to obtain the policy plaintiff intentionally and knowingly falsely represented the truck to be fully paid for and unencumbered; that such representations were knowingly false and ma-

terial to the risk; and a reliance thereon by defendant; tender of the return of the premiums promptly upon defendant's obtaining knowledge of the fraud.

Neither of the above-claimed defenses come within the literal scope of the prohibition of the provisions of Article 5043. It would seem that both impliedly come within the right of defense preserved by the terms of the article in question.

■ For the purposes of this case it may be said that Article 5043 authorizes a defense to the policy for misrepresentations material to the risk. Let us then consider Article 4890, which by its very terms applies to encumbrances. We have already said that the provision in the policy voiding same if the property is encumbered is invalid under that article as a contractual provision. It is at all times to be borne in mind that the answer includes matter as to the non-payment of the truck in addition to the issue as to encumbrances. Limiting the discussion to encumbrance alone, the question posed is, despite Article 4890, may the provisions of the policy be relied upon as a representation rather than a warranty? The briefs of the parties direct our attention to no case by the courts of our State directly in point, and in our investigation we have not been able to find a satisfactory precedent discussing the principle involved. It is very clear that the provision cannot condition liability on the policy. However, we cannot believe that a false representation as to encumbrances, deliberately and deceitfully made for the purpose of obtaining the policy which is material to the risk, can be condoned by the article in question. Deliberate and intentional fraud in a matter material to the contract in ordinary contracts renders same voidable. 10 Tex. Jur. p. 63, sect. 35.

■ It is true the validity of the policy may not by the contract be made to depend upon a non-existence of an encumbrance. It is our opinion that the Legislature never intended by Article 4890 to prevent the insurer from relying on deliberate, intentional misrepresentation as a matter material to the risk. There is, however, another matter invoked by paragraphs five and six; that is, as to the declaration or representation that the purchase price of the truck in question had been fully paid. This question was before this court in the case of California Insurance Company v. Eads, Tex.Civ.App., 209 S.W. 216. Judge Harper there held that the question

whether the representation had been made, was true or false, and if false, the materiality thereof, was for the jury. We think that clearly the same questions were for the jury in the case at bar. In other words, that as pleaded, the question of misrepresentation, etc., as to the automobile having been fully paid for stated a defense. It was error on the part of the trial court to strike out on special exception paragraphs five and six of defendant's answer.

By counter proposition it is urged by plaintiff that if the court erred in this respect it was harmless error. The main basis of this contention is that the defendant's agent at the time of the issuance of the policy was fully apprised of the fact that the purchase money of the truck had not been paid and the representation really made was that there were no mortgages of record against the truck. If the statement of facts sustain this contention we think the counter proposition of plaintiff is sound. St. Paul Fire & Marine Ins. Co. v. Kitchen, Tex.Com.App., 271 S.W. 893.

This policy was issued without written application. Declarations and representations therein made are those of the plaintiff only by adoption. This adoption is evidenced by the fact of the acceptance thereof and the existence of a claim thereunder. E. P. McCall, the agent soliciting the insurance for defendant, testified on behalf of the plaintiff here. His testimony and that of plaintiff are in substantial accord as to what took place at the time of the delivery of the policy. McCall says, in substance, that plaintiff, in answer to the interrogatories contained in the policy, told him that there were no mortgages of record against the car; that thereby he understood that there was no mortgage on it; that plaintiff stated to him that he owed a man some money on the car and he did not question plaintiff any further about it. McCall was a witness for the plaintiff and we assume from the briefs he was at the time of testifying an agent of the defendant. The witness was asked on direct-examination in substance as to whether he knew at the time of the issuance of the policy that there was a mortgage on the car. He said he did not; that plaintiff had said that there was no mortgage recorded against the car; that upon that response he placed the word "No" at the proper place in the policy. He further testified that plaintiff told him he owed something on the purchase price of the truck. These statements were made on

**374**

direct examination. The latter statement on redirect examination. This testimony tends very strongly to show that defendant's agent, in soliciting and delivery of the policy in question, knew that the purchase price of the car had not been paid. The reply, "No recorded mortgage," seems to us ought to have been sufficient to have provoked further inquiry. It might, however, have been insufficient to convey the information as to unrecorded mortgages.

■ However, it was not incumbent upon defendant to tender to the court testimony to prove the allegations made in the stricken portions of its answer. Upon the court striking these portions of the answer evidence on these points became irrelevant and immaterial. Under the theory of the trial court, if true, no defense or partial defense was stated in the stricken portions of the answer. Defendant had a right to preserve its exception to the rulings of the trial court, but did not have a right in the offering of evidence to transgress, either in letter or spirit, the rulings of the court. With paragraphs five and six in the record a searching cross-examination might have been justified—with them stricken, such a course was a waste of time.

■ Defendant had the right to plead and attempt to prove any matters that were a defense to the cause of action asserted by plaintiff. Pleading other than a general denial was necessary to make available the defenses alleged in paragraphs five and six. The manner and sources of proof were varied. We do not feel warranted in holding that under the evidence it clearly appears that at the time of the issuance of the policy McCall, defendant's agent, had notice of the existence of the mortgages and the fact that the truck was not fully paid for. In our opinion, the assignments as to the ruling on the pleading present reversible error. On another trial there may or may not be matter to submit to the jury as to the defenses urged in paragraphs five and six. It depends on the evidence then introduced.

■ The other matters assigned are not likely to arise on another trial. We are inclined to the opinion that the denial of liability by the insurer was an undisputed fact and proofs of loss were thus dispensed with. The assured testified, without contradiction, that defendant had so denied liability. Knowledge of the facts relating thereto was unquestionably in the possession of the defendant. Questions as to the extent of the damage to the truck will hardly arise on another trial. This trial seems to have been conducted on the theory of a total loss. It was so assumed in the issues submitted and defendant made no objection to the form of submission.

It is ordered that the case be reversed and remanded.

### On Motion for Rehearing.

Appellee in his motion for rehearing has called attention to the inaccuracy of a statement in the original opinion. It was there stated in substance that E. P. McCall was asked on direct examination as to whether he knew at the time of the issuance of the policy that there was a mortgage on the car, and replied that he did not; that plaintiff had said that there was no mortgage recorded against the car; that upon that response he placed the word "no" in the proper place in the policy. These statements were made by the witness on redirect examination. Prior to the redirect examination one of the attorneys for the appellant had on cross-examination interrogated the witness McCall as to the conversation between McCall and plaintiff prior to the delivery of the policy, and the witness had stated that appellee's statement to him was that there was no recorded mortgage against the automobile. On redirect examination the witness was interrogated as above indicated, and, in addition, as to whether appellee had told him before the issuance of the policy that something was owed on the purchase price of the truck, to which the witness responded in the affirmative.

■ Under the ruling of the court on the exception this was not relevant testimony. Giving the testimony due weight, we do not believe that it is of such conclusive nature as to establish notice on the part of the agent of appellant that the truck was encumbered, and that the purchase price was not paid, and that the fraudulent representations charged in the answer had not been made. While the testimony has bearing on the issues tendered by the pleadings stricken, it amounts, in our opinion, to nothing more than a rather casual reference thereto.

We are still of the opinion that appellant was entitled to have the allegations stricken remain in the pleadings, and entitled to the opportunity to introduce such evidence as it might be able to produce thereon.

The motion for rehearing is overruled.