### Fred Grimm, Appellee, v. East St. Louis & Suburban Railway Company, Appellant.

1. EVIDENCE—*when exclusion of photographs of the scene of an accident proper.* It is proper to exclude photographs of the scene of a highway accident on an interurban road where at the time of the accident there was about four feet of snow on the ground and the pictures were taken after the snow had disappeared.

2. APPEALS AND ERRORS—*harmless error.* Error alleged by defendant because of the refusal of an instruction as to the measure of damages need not be considered where defendant admits that the amount of the verdict is justified.

Appeal from the Circuit Court of Madison county; the Hon. J. M. BANDY, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 23, 1913.

WILLIAMSON, BURROUGHS & RYDER, for appellant.

GEERS & GEERS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought suit against appellant for injuries to his wagon, harness and horses, which were struck by one of appellant's cars and recovered a judgment for $150, from which this appeal is prosecuted.

The declaration alleged that appellant was operating an electric car over its railway on the public highway, between East St. Louis and Edwardsville; that appellee was the owner of four horses, a wagon and certain harness used therewith, which horses and wagon were then and there being driven with due care by a servant of appellee, along said road and near the railroad of appellant; that appellant so carelessly, negligently and improperly drove and managed one of its cars that the same struck with great force and violence against said horses, wagon and harness, injuring the same and greatly depreciating the value thereof.

On February 20, 1912, at about 9:30 P. M., two of the employes of appellee, Wenzell and Dressell, were returning to Collinsville from East St. Louis, with a four horse team attached to a covered moving van along a highway known as the Collinsville-St. Louis road. The highway runs substantially east and west, and on the south side of it appellant operates its electric railroad. The night was cold and stormy and at the time of the injury the wind was blowing hard and the snow was in places from four to five feet deep entirely covering the car tracks as well as the balance of the highway. In the course of the journey, at a point in Madison county, Wenzell turned to the back end of the wagon, when his attention was called to the reflection on the back curtains caused by the headlight of one of appellant's cars approaching from the east. He at once concluded that the wagon was too close to the track and returning to the front of it snatched the lines from Dressel, to whom he had handed them, and tried to pull the team away from the track, but it was too late to prevent a collision.

It was claimed by the men in charge of the van and they so testified on the trial, that snow was blowing from the northeast in which direction they were traveling, making it difficult for them to see; that the car made no noise as it approached and that no whistle or gong was sounded; that the car passed the horses, but crashed into the back wheel of the wagon, overturning it and throwing down three of the horses.

On the other hand there was proof on the part of appellant to the effect that the snow came from the northwest, clogging up the motorman's window, making it difficult for him to see out; that the car was proceeding at a rate of speed not exceeding ten miles an hour; that warning signals were given by blowing the whistle and ringing the gong at the nearest crossing, the distance to which from the place of the injury, does not clearly appear; and that the motorman continued to sound the gong at intervals of two or three seconds; that appellee's lead team had been turned across appellant's track and one of the men was attempting to lead them across to the south side of the track; that the car ran into this team and the injuries complained of were caused by that collision.

Appellant complains that the court erred in its rulings in regard to the evidence and in refusing to give one of its instructions. Also that the verdict and judgment are against the weight of the evidence.

The complaint of appellant in regard to the rulings on the evidence, was that the court refused to admit certain photographs of the scene of the injury for the reason that at said time the ground was covered with snow, while at the time the pictures were taken the snow had disappeared. We are of opinion that the court properly refused to permit these photographs to be admitted in evidence for the reason that they might have been misleading to the jury. An inspection of them discloses inequalities in the ground and differences of level between the highway and the railroad track, which might have been wholly obliterated

by a covering of snow of the depth of that which occurred on the night in question. The jury might have considered it negligence for one to drive upon or close to appellant's track under conditions shown by the photographs, while the same jury might have properly found that it was not evidence of negligence that one should drive close to or even upon the track in a driving snow storm in the night time, when the ground was already covered to the depth of several feet.

The only one of appellant's instructions which was refused, related to the measure of damages, but as counsel for appellant in their argument, admit that the permanent injury to appellee's horses justified the amount of the verdict, and that in view of that fact the refusal to give the instruction did not constitute reversible error, we need not give the matter any further consideration.

The real substantial question presented to us to determine is whether the judgment in this case should be sustained under the facts disclosed by the record. Two witnesses, the two drivers, testified to the facts connected with the occurrence for appellee and they both stated that the horses were not on the track and that the car struck the wagon. Two witnesses for appellant, a passenger, who was standing near the front of the car, and a motorman, testified to seeing the collision and they both said the car struck the lead team of horses. The conductor and two of appellant's section men, who were on the train at the time, testified to facts which on the whole seemed to corroborate the claim of appellant that the horses were struck by the car, although portions of their testimony are not inconsistent with the claim of appellee that the wagon, and not the horses, was struck. Some of the witnesses for appellant, testified that appellee's drivers were drunk or under the influence of liquor at the time of the injury. This was denied by the two drivers, who swore that they had had no liquor to drink that day, except a glass of beer apiece, which they took with a sand-

wich, early in the evening at East St. Louis. It is admitted by counsel for appellant that as an abstract legal proposition, appellee's servants had a right to be upon appellant's track, that is they were not trespassers there. But it is claimed that they were guilty of negligence in being there at the time and in the manner they were and that appellant was guilty of no negligence tending to cause the collision. These were questions of fact however for the jury, which was properly instructed and while the case is a close one; yet we cannot say from a careful consideration of all the proofs, that the verdict of the jury was so manifestly against the weight of the evidence as to demand a reversal of the judgment for that reason.

*Judgment affirmed.*