CHARLES A. ELDREDGE *vs.* EUGENE MITCHELL, JR., & another.

Plymouth. March 14, 1913. — May 22, 1913.

Present: RUGG, C. J., LORING, SHELDON, & DE COURCY, JJ.

*Arrest. Officer. Drunkenness. Assault. Evidence,* Photographs.

A police officer cannot lawfully make an arrest without a warrant on a charge of drunkenness unless the person arrested is drunk at the time of the arrest.

A police officer has no right to arrest a person without a warrant upon information that assaults and threats to kill were made by such person the day before.

A police officer has no authority to arrest a person without a warrant because he believes him to be "a dangerous person to leave at large."

The verification of a photograph preliminary to its admission in evidence is for the presiding judge, who must determine in his sound discretion whether it will be of practical assistance to the jury.

TORT against two police officers of the town of Hull for an alleged assault and battery upon the plaintiff on May 8, 1911. Writ dated June 22, 1911.

In the Superior Court the case was tried before *White,* J. At the trial the plaintiff introduced evidence tending to show that, while he was at work building a house upon the land of another person, the defendants, who were police officers of the town of Hull, came to the building, and, without saying that they placed him under arrest, or doing anything to indicate to him an intention to arrest him, used abusive language toward him and beat him with their clubs, and finally took him to the lockup and locked him up; that the defendant Eugene Mitchell, junior, then made complaints against him for drunkenness and for assault and battery upon one of the officers, which complaints were brought to trial in the District Court at Hingham, where the plaintiff was acquitted on the drunkenness charge, but was convicted on the charge of assault; that the plaintiff appealed from this conviction and was acquitted in the Superior Court; that the arrest of the plaintiff by the defendants was made without a warrant; that the force used by the defendants in making the arrest was unnecessary and excessive; and that the plaintiff received four cuts on the head, which were treated by a physician.

The plaintiff produced a photograph, which purported to show his head and the dressings put upon the cuts or bruises by the physician. The plaintiff did not offer to produce as a witness the man who took the photograph or the one who printed it from the negative, but offered it in evidence upon his mere statement that it was a true picture of his head as it appeared the day after the accident. The defendants objected to the admission of the photograph, both upon the ground that the plaintiff had not introduced such evidence as to the taking and finishing of the photograph as to make it admissible, and also upon the ground that, even if the taking and finishing were properly proved, the photograph was not competent evidence. The judge admitted the photograph in evidence, and the plaintiff exhibited it to the jury. The defendants excepted.

The defendants introduced evidence tending to show that on the day in question the defendant Eugene Mitchell, junior, was passing along on his customary beat, when the plaintiff's wife came to him and requested that he should take the plaintiff into custody and protect her from his violence, saying that he had been drinking for several days and was drunk and ugly, that he had shamefully beaten his child, a girl of fourteen, and had threatened to kill his wife, that he had driven her out of their home with the child the night before, that she had been compelled to remain away from home all night for fear of him, and that she was in great fear that he would kill her; that the defendant Eugene Mitchell, junior, then went with the plaintiff's wife to the house where the plaintiff was working and told him that his wife had made a complaint against him, and attempted to talk with him about his conduct, but that the plaintiff seized a piece of joist, threatening to strike that defendant with it; that that defendant went away and then called upon the other defendant, William E. Mitchell, for assistance; that they went together to the house where the plaintiff was; that he was drunk and ugly, and assaulted the officers with a hatchet; that they inflicted the blows upon the plaintiff's head, of which he complained, in defending themselves from his assault and in placing him under arrest; and that no more force was used than was necessary for the purpose. The defendant Eugene Mitchell, junior, testified that he made the arrest for drunkenness and nothing else, and that the charge of

assault was made for acts alleged to have occurred while the officers were arresting the plaintiff for drunkenness.

The defendants asked the judge to instruct the jury that, even if they found that the plaintiff was not actually drunk at the time of the arrest, still, if the defendants found him so under the influence of liquor that he was ugly and violent, and if they found that he had severely assaulted his child and had threatened to kill his wife, and if they believed that he was in such a condition that there was imminent danger that he would renew his violent acts, and was likely to inflict serious injury upon his wife or child, and that he was, because of this condition, a dangerous person to leave at large, then the jury might find that the arrest was justifiable and lawful.

The judge refused to give this instruction, and instructed the jury that, unless they found that' the plaintiff was drunk at the time of the arrest, the defendants had shown no justification and there was no defense to the action for assault.

The jury returned a verdict for the plaintiff against both defendants in the sum of $350; and the defendants alleged exceptions to the judge's refusal to give the instruction requested by them and to the instruction given, and also to the admission in evidence of the photograph mentioned above.

The case was submitted on briefs.

*G. L. Mayberry & L. A. Mayberry,* for the defendant Eugene Mitchell, Jr.

*G. F. James,* for the defendant William B. Mitchell.

*J. J. Feely & R. Clapp,* for the plaintiff.

DE COURCY, J.   In this action for assault and battery the defendants pleaded in justification that they were police officers of the town of Hull, and that they used only such force as was necessary in making a lawful arrest of the plaintiff.  There was a verdict for the plaintiff; and the case is here on three exceptions taken by the defendants.

1. The judge rightly instructed the jury that unless they found that the plaintiff was drunk at the time of the arrest, the defendants had shown no justification and there was no defense to the action for assault.  The arrest was made without a warrant. The defendant Eugene Mitchell, who made the complaint against Eldredge for drunkenness and assault on an officer, testified that

he made the arrest for drunkenness and nothing else, and that the charge of assault was made for acts alleged to have been done while the officers were arresting him for drunkenness. Clearly, if Eldredge was not in fact drunk at the time, the arrest without a warrant and the assault in connection therewith were without justification in law and made the officers liable.

2. The instruction requested by the defendants was not applicable to the evidence in the case, which shows that the arrest was made for the offense of drunkenness. Furthermore, in the absence of any special statutory authority, they had no right to arrest without a warrant upon mere information that assaults had been committed by Eldredge on the day before; *Commonwealth* v. *Carey*, 12 Cush. 246; *Commonwealth* v. *Ruggles*, 6 Allen, 588; *Scott* v. *Eldridge*, 154 Mass. 25; and there was nothing in the evidence to call for an instruction as to the right of a constable to arrest without a warrant for the purpose of preventing an imminent breach of the peace. It is needless to add that the judge could not properly instruct the jury, as the defendants requested, that the officers would be justified in arresting Eldredge on the ground that they believe that he was "a dangerous person to leave at large."

3. The verification of the accuracy of the photograph rested with the judge, as an inquiry preliminary to its admission; and the question whether it would be of practical assistance to the jury must be determined by his sound discretion. *McKarren* v. *Boston & Northern Street Railway*, 194 Mass. 179.

<em>Exceptions overruled.</em>