### AMERICAN INDEMNITY CO. v. JAMISON.
### No. 4042.

Court of Civil Appeals of Texas. Texarkana.

Oct. 20, 1931.

Rehearing Denied Oct. 29, 1931.

King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellant.

A. L. Robbins, of Clarksville, for appellee.

LEVY, J. (after stating the case as above).

In the appellant's brief there is raised the two points that: (1) Evidence sufficient to legally establish the market value of the automobile is wanting; and (2) the sum of the recovery is excessive. The adjudication of the amount was based, seemingly, upon the finding of fact that the sedan was practically wrecked by the upset.

It is obvious that if the sedan must be regarded as in a state of dilapidation or injured to the extent of being a total loss for all practical purposes, the market value of the automobile at the time of the accident would measure the indemnity payable under the policy, and in such event its actual market value must needs be shown by competent evidence to prove the fact. The appellee offered, as data for the determination of the market value, evidence, in substance, that he bought the sedan "new" in the latter part of March, 1930, and paid therefor in cash "$1,-030.00," and that it was not afterward deteriorated by use but was well cared for and carefully used from the date of purchase to the date of the policy of insurance. The accident happened on August 1, 1930, and the insurance policy was dated July 30, 1930. And otherwise than stated, precise evidence bearing upon or going to show the cash market value of the sedan is wanting. Though the price paid by the appellee was not conclusive of the market value, yet was some evidence of that value at the place where the purchase was made, and might be taken into account with other evidence. If, besides showing that he bought the sedan "new" and that it was not afterwards from the date of purchase deteriorated by use, the appellee had gone further and proved, which was not done, that he had bought it in the ordinary course of trade from a regular dealer in such make of automobile, such factual elements, in the absence of other evidence to the contrary, would seemingly suffice to show the present market value of the sedan. 22 C. J. § 140, p. 184, and § 147, p. 186. The applicable general rule is quoted from 3 Sutherland on Damages (3d Ed.) § 654: "When the cost was the price at which a regular dealer in such articles had sold it when new, in the ordinary course of trade, it is evidence of the market value; and if afterwards deteriorated by use, like furniture, its present value can be ascertained by reference to the former price and the extent of depreciation."

And assuming that the findings should be taken in the view of meaning that the sedan was not a total loss but could be restored to sound condition by the use of new parts in the place of the injured parts, still there would appear no affirmative finding of the cost of such replacements upon which adjudication of the amount could be made otherwise than measured by the value of the sedan. The finding was that the replacement of the new parts "would cost more than the value of the automobile at the time of the accident," and the value of the sedan was taken as the cost of the replacement of the new parts. The point made by the appellant is controlling of the appeal.

The judgment is reversed, and the cause is remanded for another trial.