## LIPSCOMB v. JAMES LEFFEL & CO.
### No. 8678.

Court of Civil Appeals of Texas. San Antonio. Nov. 25, 1931.

Rehearing Denied Jan. 6, 1932.

E. C. Overall, of Gonzales, for appellant.

Burris, Norman & Green, of Houston, for appellee.

SMITH, J.

■ James Leffel & Company, a foreign corporation, brought this action against G. N. Lipscomb to recover upon a promissory note given by the latter for the purchase price of a steam boiler, and to foreclose a mortgage lien upon said boiler. From an adverse judgment Lipscomb has appealed. The briefs of the parties embrace so many statements dehors the record that it has been difficult to separate them from the facts shown in the record. The case was tried before the court without a jury, but no findings or conclusions of the trial judge are in the record, and it is therefore the duty of this court to give effect to every finding which may be inferred from the record and which tends to support the judgment appealed from.

Appellant's first complaint is directed at the action of the court in overruling appellant's first application for a continuance. The continuance seems to have been sought upon the absence of testimony designed to show that appellee was a foreign corporation doing business in this state without a permit therefor from the secretary of state. The trial court denied the application upon the stated grounds that "the court did not consider the diligence sufficient, nor is the verification of said application sufficient."

■ We have carefully considered the allegations in the application for continuance designed to show diligence to procure the depositions of the witnesses named by appellant, and are of the opinion that the trial court did not abuse his discretion in resolving the issue of diligence against appellant. Appellant knew six months before the case was called for trial that the testimony sought was material to his defense, if it was

in fact so, and while it appears that he was at first misled by the promise of appellee's attorney to waive formal notice of the intention of appellant to take the depositions, the allegation of diligence shows a failure of appellant to press this advantage to a conclusion. On the contrary, it is shown that appellant took no further steps in the matter, until at an undisclosed time prior to the trial appellee's counsel repudiated his agreement to waive. Appellant then proceeded to have notice and commission issued, when he discovered an error he had made in the proceedings, whereupon, upon appellee's further refusal to waive, notice was again issued and served, commission was issued and forwarded to an unnamed person in Ohio for the taking of the deposition. The depositions had not been returned into court for use, however, and the trial proceeded without them. We concur in the holding of the trial court that six months was a reasonable period to allow appellant in which to procure the testimony of the witnesses named, under the circumstances set out. We therefore overrule appellant's propositions 1, 2, 3, and 4, in which this question is presented.

█ In his fifth proposition appellant complains of the admission in evidence of the mortgage contract upon which the prayer for foreclosure was based. The objection to the introduction of this instrument is based upon the contention that, whereas appellee had pleaded that the contract embraced a provision that appellant should reimburse appellee for the freight charges expended by the latter in shipping the boiler to appellant, the instrument offered in evidence contained no such provision. We overrule this proposition. Appellant admitted the execution of the instrument in question, and this admission authorized its introduction in evidence, so that the court could determine the question of whether under its terms appellee was entitled to recover the item here put in controversy, which was but incidental to the contract as a whole. The contract was clearly admissible for the purpose of establishing the uncontroverted provisions therein, even if ineffectual to establish the controverted provisions.

For like reasons appellant's propositions 7 and 8 are overruled.

Appellant's sixth and ninth propositions are without sufficient merit to warrant discussion, and are overruled.

The judgment is affirmed.

On Motion for Rehearing.

█ On October 19, 1931, appellee filed in this court an affidavit touching upon the time of the filing of appellant's brief herein, and embracing nothing pertinent to the appeal. Also, on December 12, 1931, pending the submission of appellant's motion for rehearing, appellee filed herein a paper designated "motion of appellee," to which certain exhibits and an affidavit of appellee's counsel are attached, purporting to bear upon appellant's motion for continuance in the trial court. None of these papers or exhibits can be considered in this appeal, and should not have been filed with the record. The clerk of this court is therefore directed to strike said instruments from the file and return them to the attorneys who filed them.

This appeal has been prosecuted and contested largely through statements dehors the record, particularly in the motion for rehearing and purported reply thereto. It has been difficult to separate these statements from the matters of record, with which they are so intimately commingled. We see no reason for not adhering to the original disposition of the appeal, based upon an apparently fair use of his discretion by the trial judge.

Appellant's motion for rehearing will be overruled.