FRANCES H. SWART *vs.* CITY OF BOSTON.

Suffolk.    December 7, 1934. — December 10, 1934.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Evidence*, Photograph. *Practice, Civil*, Exceptions: whether saved.

There was no abuse of discretion, and no error, in the admission in evidence, at the trial of an action of tort against a municipality for injuries alleged to have been sustained by reason of a defect in a public way, of a photograph of the locus of the accident upon which was shown a piece of paper which an eyewitness of the accident had placed at a point where, he testified, he had observed skid marks made by the plaintiff's shoe when he slipped.

A mere objection to a portion of a charge to a jury is not the equivalent of an exception and saves no question of law for consideration by this court.

TORT. Writ in the Municipal Court of the Dorchester District dated August 11, 1932.

On removal to the Superior Court, the action was tried before *Beaudreau*, J. Material evidence is described in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*B. Goldman & H. Krinsky*, for the plaintiff.

*J. A. Scolponeti*, Assistant Corporation Counsel, for the defendant.

RUGG, C.J. This is an action of tort wherein the plaintiff alleges that she, while a traveller, suffered injuries by reason of a defect in a sidewalk. The evidence was somewhat conflicting as to the place and cause of her fall. The case was submitted to the jury and a verdict returned for the defendant. There was evidence tending to show that the plaintiff slipped on the sidewalk at a place where it was in good condition. An eyewitness of the accident testified that he saw the plaintiff slip and that her shoe left a skid mark on the sidewalk. Later, when a photographer was about to take a picture of the locus, this witness put over the place

where he had seen the skid mark a piece of white paper which showed in the photograph. The photograph was rightly admitted in evidence. Whether it was taken under conditions sufficiently similar to make it of value in aiding the jury to pass upon the issue was primarily for the trial judge to determine as matter of discretion. It cannot be said that his discretion was wrongly exercised in the case at bar. *McKarren* v. *Boston & Northern Street Railway,* 194 Mass. 179. *Field* v. *Gowdy,* 199 Mass. 568, 574. *Eldredge* v. *Mitchell,* 214 Mass. 480.

The judge instructed the jury that they must "be reasonably certain upon the state of the evidence" that the plaintiff sustained her injuries by reason of the defect and that the city was negligent in not remedying the defect. At the close of the charge the plaintiff drew the attention of the trial judge to this statement suggesting that it was "a charge for a criminal case." The judge declined to change it and the plaintiff objected. No exception was saved. Therefore no question is open to the plaintiff. *Ogden* v. *Aspinwall,* 220 Mass. 100, 103. *Commonwealth* v. *Teregno,* 234 Mass. 56, 59.

*Exceptions overruled.*