AGNES HALLIGAN, PLAINTIFF-RESPONDENT, v. WEST-MONT LOVING SERVICE, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued October 7, 1936—Decided October 23, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiff-respondent, *Walter S. Keown* (*George D. Rothermel,* of counsel).

For the defendant-appellant, *French, Richards & Bradley* (*Floyd H. Bradley,* of counsel).

PER CURIAM.

This is an appeal by the defendant from a judgment recovered in the Camden County Common Pleas Court, by the plaintiff, for personal injuries.

The plaintiff, a woman of fifty-five years of age, attended an afternoon card party, held by the defendant on January 29th, 1935, in premises owned by it, for which an admission fee was charged, which she paid. The testimony of the plaintiff and her witnesses tended to prove that on her arrival at the building of defendant she made inquiry as to where she was to put her coat, and was directed to a room in the building. She had been in this particular room on other occasions but it had been altered since she had last seen it. In the room there was sufficient light from windows to enable one to see. At the far end of the room stood a table upon which the coats of other patrons of the card party were piled. The table was placed alongside a railing which, however, was concealed from view by the coats piled upon the table. The concealed railing guarded the open well of the staircase leading from the room down to a lower level. The plaintiff testified that she was not aware of the staircase: that the side railing was, under the conditions then existing, completely hidden from view; that to dispose of her coat she went to the extreme right side of the table, at which point the top of the staircase was located; that she did not see the stairs between the railing and the adjacent wall and, falling down, received serious injuries.

The appellant argues that it was error for the trial court to deny its motion for a nonsuit and direction of verdict and rests its argument on the grounds (a) that there was no proof that the defendant was guilty of any negligence, and (b) that the plaintiff, as a matter of law, was guilty of contributory negligence. We do not agree with either of these contentions. The plaintiff was an invitee and the defendant was under the duty of exercising ordinary care to keep the premises reasonably safe for those who came by invitation. This is the well settled rule for which no citation of authority is necessary.

Under the testimony in the case, it appears that the danger of the open staircase was almost entirely concealed by the table, upon which the coats were piled high enough to prevent one from observing the rail paralleling the staircase lengthwise, and the jury might properly have determined the condition that obtained to be one lacking in the due care required of the defendant. By the same token the question, as to whether or not the conduct of the plaintiff amounted to contributory negligence, was not one of law under the evidence but one of fact for the jury, and the court was correct in refusing to take the case from the jury either by nonsuit of the plaintiff or by directing a verdict for the defendant.

It is next argued that the trial court fell into error in refusing to declare a mistrial. As to this point, it appears that plaintiff's counsel, in opening the case to the jury, said, in speaking of the room in question, "there was no protection there at the time of the accident. Immediately after the accident they placed a protection there * * *." Defendant objected to this and asked the court to withdraw a juror and declare a mistrial. The court denied the motion and said, "I doubt whether testimony to that effect is admissible." Defendant's counsel then said, "will your honor charge the jury to that effect and allow an exception?" The court said, "exception is allowed and I will consider the matter."

Pursuing this theory, plaintiff's counsel, during the trial, asked a witness this question: "Since the time of the accident was there any protective railing placed at the head of the staircase?" An objection to the question was sustained and of course the question was not answered. Defendant's

counsel did not again bring to the court's attention the matter of instructing the jury to disregard the objectionable remark made by plaintiff's counsel in his opening to the jury and we do not consider that any harm was done. If defense counsel thought it was important he should have brought it again to the attention of the trial judge. We do not think it injuriously affected the defendant.

Other points are argued *seriatim:* that it was error to permit a defense witness to answer a certain question on redirect examination; that it was error to refuse to admit into evidence a certain photograph of the room in question, and that the court erred in rejecting defendant's fifteenth request to charge. As to the first, the question was objectionable since it was based on an assumption of fact. The answer, however, tended to negative the assumption of fact and the appellant's complaint in this regard lacks substance. As to the second, admittedly the photograph did not portray the room as it was at the time of the accident and was properly excluded and, as to the third, the instruction of the trial judge to the jury correctly stated the law as to contributory negligence, and that being so, the court was under no obligation to accept the language of the request to charge as presented by the defendant.

The judgment will be affirmed, with costs.