**EMPIRE GAS & FUEL CO. v. MUEGGE et al.**

et al.

No. 10511.

Court of Civil Appeals of Texas. Galveston.

Jan. 6, 1938.

Rehearing Denied May 12, 1938.

Albert Stone, of Brenham, and Baker, Botts, Andrews & Wharton and W. M. Ryan, all of Houston, for appellant.

W. J. Embrey and Richard Spinn, both of Brenham, for appellees.

GRAVES, Justice.

This much of appellant's general statement of the cause is acquiesced in by the appellees as being correct:

"Ed Muegge and Martin Pardowski, a minor, by his next friend, Annie Pardowski, sued Empire Gas & Fuel Company in the 21st District Court of Washington County, Texas, to recover damages in the total sum of $2,904.00, alleged to have been sustained by them as a consequence of injuries to person and to property resulting from an automobile wreck which occurred near an underpass four miles east of Brenham, Texas, on August 14, 1935. Plaintiffs alleged that an automobile-truck loaded with a ditch-digging machine, which extended to a height of 14 feet 4 inches and a width of 10 feet 7 inches, had, shortly before the occurrence of the accident, become wedged in the underpass, by reason of being too high to clear same, thereby blocking the road and making it necessary for plaintiffs, in an attempt to avoid colliding therewith, to turn to the right and into the ditch, wrecking and overturning plaintiffs' loaded milk-truck. Plaintiffs alleged that defendant Empire Gas & Fuel Company was the owner and operator of the truck blocking the underpass and the machinery loaded thereon, or if plaintiffs were mistaken in such allegation, that defendant was then engaged in operating and moving such vehicle over the highway, by and through its agent, servant, employee, and representative, Warren Angel. That the operation was being conducted under and by virtue of a special overload-permit, issued by the High-way Commission of Texas, authorizing Empire Gas & Fuel Company to transport a load not over 12 feet high or 8 feet wide over the highways from Denison to Yoakum. That the damages to plaintiffs resulted proximately from the negligence of defendant Empire Gas & Fuel Company, its servants, employees, and representatives, in (1) operating a load of greater height and width than authorized by the permit; (2) blocking the underpass; (3) attempting to drive through the underpass when it was known, or should have been known, that passage was impossible; (4) blocking the underpass in the knowledge that accident or collision might result therefrom; (5) failing to withdraw from the underpass; and (6) failing to give warning of the fact that the underpass was blocked.

"Defendant's answer consisted of a general demurrer, a general denial, a special sworn denial that it owned the truck or the ditching-machine, that it had licensed said truck in its name in Texas, or ever had authorized anyone else to do so, that it was in any way interested in the transportation of the ditching-machine, that it had procured or authorized anyone to procure in its name a permit for the transportation thereof, or that Warran Angel, the driver, was its agent, servant, or employee in making the trip, or that the trip was made in any way for its use or benefit; and a special plea that plaintiffs were guilty of contributory negligence.

The case was called for trial on April 1, 1936, and after the court overruled defendant's sworn first application for a continuance based on its (alleged) inability * * to locate Warren Angel, the driver, in time to procure his testimony by deposition or otherwise, went to trial before a jury. On April 3rd the jury found in response to special issues submitted to it: (1) That defendant owned or operated the truck on the occasion in question; (2) that defendant, its employees, servants or agents, blocked the underpass; (3) which was negligence; (4) proximately causing plaintiffs' damage; (5) that Owen Hartness did not own the truck in question; (6) that plaintiffs' truck was not being driven at an excessive rate of speed; (7) and that the damages, which were itemized, amounted to a total of $1358.20. Judgment was entered in accordance with the verdict on April 6, 1936."

The quoted statement so reflecting the issues below presages also those joined upon the appeal; the first of these—that the

overruling of appellant's application for continuance constituted reversible error—is held not to be well taken, without extended discussion; this, mainly for the reason that it assumes against what this court finds to be the record showing on that feature, that appellant exercised all due diligence in its efforts to locate Warren Angel, the driver of the truck that so blocked the underpass; it is true the application was a first one, and it may be further conceded that it was in proper legal form, but it does not follow that, ipso facto, it had to be granted irrespective of whether or not an actual showing of such due diligence was made. Sovereign Camp v. Davis, Tex.Civ.App., 268 S.W. 523; Maupin v. King, Tex.Civ.App., 25 S.W.2d 153; Peveto v. Richardson, Tex. Civ.App., 38 S.W.2d 133; Lipscomb v. James Leffel & Co., Tex.Civ.App., 44 S. W.2d 1008.

■ It appears that the sought-for witness, Warren Angel, was a non-resident of Texas; that this suit had been filed on August 23 of 1935; that interrogatories to him had not been filed until February 12 of 1936, nor a commission to take his deposition pursuant thereto issued until February 24 of 1936, which had been sent to his address at Bartlesville, Okl.; that on his not being found at that place no sufficient efforts to locate and reissue the commission for him were thereafter made for a period of some 35 days from then until this trial on April 1, of 1936, although appellant was shown all the while after such filing of the suit seven months prior to have been in position to know the materiality of this man's testimony, his occupation as a truck driver working from place to place over the country, his being a nonresident of Texas, and of the probable necessity of procuring his testimony only through deposition.

In such circumstances, as the cited cases make manifest, it was not an abuse of the discretion vested in the trial judge to deny the application.

Through a number of propositions it is next urged that the evidence upon which the jury found the complained-of truck to have been owned or operated by the appellant, that its employee or agent had negligently blocked the underpass with it, and that Owen Hartness did not own it at the time, at most only created a presumption or inference as to such ownership and responsibility for the truck and its movements at the time, which was dispelled and completely removed by positive evidence it adduced to the contrary; as a corollary, in that connection, it further presents that appellee Muegge's direct testimony, to the effect that just after the accident at the underpass the driver of the offending truck, Warren Angel, after he had first pulled the appellees from under their own wrecked truck in the near-by ditch, had, on Muegge's request therefor, written and given him a memorandum of his name and address and the license number of the truck he had been so driving, reading: "Empire Gas & Fuel Company —Texas—162–341—Bartlesville, Oklahoma —Warren Angel," was—standing alone— neither admissible for the purpose nor sufficient to raise the issue for the jury over whether Angel was then and there its agent or employee with any authority to fasten responsibility upon it for what he did.

■ None of these related presentments, it is thought, should be sustained; they each and all seem to this court to appraise as a mere presumption or inference—such as arises from inconsequential circumstances like having a name painted on the side of a truck or vehicle—what in this instance was direct, positive, and wellnigh conclusive evidence of ownership of the offending truck in question by this appellant, under due registration and permits to operate the same emanating from the State of Texas, at the time and place of this accident; further that, far from being such a mere rebuttable presumption, the declaration of the driver to the appellee Muegge, in the circumstances so intimate to the accident itself, giving him the appellant's name and registration as owner of the truck, together with his own name and address as the operator thereof for it at that time and place, and having the stated permits and registration thereof in his possession, was direct, positive, and all but conclusive evidence that he was in charge of, driving and operating the vehicle so in his possession in behalf of the appellant as the owner thereof, and in pursuit of the purposes expressed in the permit he so carried—all of his stated declarations being receivable and to be given consequent effect as a part of the res gestæ of the accident here involved.

It would serve no necessary purpose to here reiterate the detailed showing as to the contents of these registrations and permits—so referred to in such terms su-

pra—since their existence in its name and as having been so in the possession of the driver of this truck and exhibited by him to the appellee Muegge are not questioned by the appellant, its declared upon defenses against that, as well as the declarations of the driver, having been in the nature of a plea in confession and avoidance; that is, that these registrations and permits, both in Texas and in Oklahoma, had, without its knowledge or consent and not in its interest, been taken out by its witness, Owen Hartness, who himself claimed to own this offending truck at the time, and in pursuit of his own individual business and interests.

■ In any event, however, the overruling of appellant's assignments upon this feature of the cause, on the holding that the issues relating thereto were for the jury and its findings thereon were not without proper support, is thought to be sustained by these authorities: Harper v. Highway Motor Freight Lines, Tex. Civ.App., 89 S.W.2d 448; England v. Pitts, Tex.Civ.App., 56 S.W.2d 493; Universal Transp. Co. v. Ramos, Tex.Civ.App., 37 S.W.2d 238; Studebaker Bros. v. Kitts, Tex.Civ.App., 152 S.W. 464, 467; Roadway Express v. Gaston, Tex.Civ.App., 90 S.W.2d 874; Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W.2d 533; Bolt v. State Savings Bank, Tex.Civ.App., 145 S.W. 707; 10 Ruling Case Law, # 106, pp. 984–5.

The opposing testimony, therefore, featuring denials of appellant's officers that they knew of or were responsible for the operations of this truck under the driver, Warren Angel, as well as that of Owen Hartness that he himself was the owner of and responsible for it, constituted merely such a conflict in testimony as it was the jury's exclusive province to resolve.

■ There was no reversible error in the trial court's rejection of photographs of the scene of this accident, which occurred on August 14 of 1935, taken on April 1 of 1936 in appellant's behalf by a professional photographer, it having been conclusively, if not undisputedly, shown that there had been in the seven months intervening time between the two given dates such changes in the appearance and condition of the scene itself that such belated pictures could not reasonably have reflected correct representations of the actual conditions under which the wreck occurred; that is, by undisputed and positive testimony of eyewitnesses—as well as coincident photographs taken by some of them—the conditions surrounding the scene at the time of the accident had been unmistakably shown; taken together, it was thus disclosed that at that time the eastern highway approach to the underpass entrance had been so obscured by tall bloodweeds and Johnson grass, and other growths, that the entrance on that side could not be seen further than a distance of 60 feet, whereas all such obstructions had been obliterated at the time the proffered photos had been taken. In the circumstances, it was within the sound discretion of the trial judge to exclude them. 22 Corpus Juris, p. 919, § 1124, p. 921, § 1125; City of Waco v. Killen, Tex.Civ. App., 59 S.W.2d 940; Lynch v. Ry. Co., 333 Mo. 89, 61 S.W.2d 918; 10 Ruling Case Law, # 1157; Burns v. Salyers, 270 Ill. App. 46; Grimm v. Ry. Co., 180 Ill.App. 92; Halligan v. Westmont Loving Service, 187 A. 729, 14 N.J.Misc. 819; Hutchinson v. Knowles, 108 Vt. 195, 184 A. 705; Massey v. Ivester, 168 Okl. 464, 33 P.2d 765; Virginian Ry. Co. v. Hillsman, 162 Va. 359, 173 S.E. 503; Swart v. City of Boston, 288 Mass. 542, 193 N.E. 360; Quayle v. Knox, 175 Wash. 182, 27 P.2d 115.

■ The insistence that the receipt of copies of the Oklahoma Highway Commission's records in evidence was prejudicial because the same were not authenticated by a congressional certificate in compliance with section 688, 28 U.S.C.A., is not thought to require express determination, since at all events is is thought these papers merely reflected cumulative evidence to that already before the court, and their receipt in such attending circumstances was neither reasonably calculated to nor probably did cause the rendition of an improper judgment. 22 Corpus Juris, p. 853, § 1020; Golden Rod Oil Co. v. Noble, Tex.Civ.App., 233 S.W. 524; 3 Tex.Jur. § 880, p. 1258; City of Waco v. Killen, Tex.Civ.App., 59 S.W.2d 940.

■ The appellant's requested special issue, inquiring whether the appellees were driving at a greater rate of speed than 25 miles per hour, is overruled under the finding that the evidence tendered by it in support thereof, and in the circumstances otherwise attending, did not properly raise such an issue—hence that, as applied to the ultimate issue in this respect raised by the pleadings and evidence, the court's issue No. 6, together with the jury's nega-

tive finding thereon, inquiring whether the appellees' truck at the time and under the circumstances was being driven at an excessive rate of speed, properly disposed of that question.

Appellant's concluding complaints against the court's charge, to the effect that it amounted to the giving of a general charge in a cause submitted on special issues, and that it improperly grouped the special issues as given instead of submitting each issue—especially each defensive one—raised by the pleadings and evidence, separately and distinctly, are also overruled.

■ It is true that in paragraph 11 the charge contained this general provision: "the burden of proof is upon the plaintiffs to establish their allegations and damages by a preponderance of the evidence," whereas, in thereafter submitting the special issues, all of them began with, "do you find from a preponderance of the evidence that," etc.; but such instructions as a whole, we think, presented no questions of law to the jury for its determination, and, though general in nature to the extent only as indicated, did not constitute such error as should require a reversal where, as further seems to us, it clearly appears that no injury from it reasonably resulted to the appellant; Roadway Express v. Gaston, Tex. Civ.App., 91 S.W.2d 883; Standard v. T. P. Coal & Oil Co., Tex.Civ.App., 47 S.W.2d 443, 448; H. F. Hohlt Co. v. Routt, Tex.Civ. App., 48 S.W.2d 386.

It is apparent that this charge is not on a parity in the respect complained of with those given in Gattegno v. The Parisian, Tex.Com.App., 53 S.W.2d 1005, Western Union v. Rutledge, Tex.Com.App., 15 S.W. 2d 210, and Davis v. Morris, Tex.Com.App., 13 S.W.2d 63, with which apparently appellant seeks to class it; the difference is that in those causes the charge was so framed as to show upon its face that a question of law had therein been submitted to the jury, in that it was left to it to determine what constituted "material allegations in the plaintiff's petition"; whereas no such effect

may properly be given this instruction, which merely stated that the burden was upon the plaintiffs to establish their allegations and damages by a preponderance of the evidence; to us this distinguishment seems clear, and, without further discussion, is thought to bring this cause rather within the rules applied in the cases last cited.

■ A mere reading of the whole of the charge here given, it seems to this court, shows it not to be subject to the added objection that in the special issues submitted it improperly grouped more than one issue, since those inquiries each seem to have propounded but one distinct, independent, and ultimate issue to be determined. Texas Electric Service Co. v. Kinkead, Tex.Civ. App., 84 S.W.2d 567, 570; Watson Co. v. Lone Star Service Station, Tex.Civ.App., 16 S.W.2d 151; E. A. Pierce v. Aronoff, Tex.Civ.App., 60 S.W.2d 796, 800; Luling Oil & Gas Co. v. Edwards, Tex.Civ.App., 32 S.W.2d 921, 924; Kyle v. Kyle, Tex.Civ. App., 55 S.W.2d 885; Thurman v. Chandler, Tex.Civ.App., 52 S.W.2d 315, 321.

These conclusions require an affirmance of the trial court's judgment; that order will accordingly be entered.

Affirmed.

PLEASANTS, C. J., absent.

On Appellant's Motion for Rehearing

GRAVES, Justice.

Able counsel for both sides have obligingly furnished the court full arguments upon their several contentions as to both the facts and the law in this cause, upon its reconsideration thereof; they have all been given its most careful consideration, but unconvinced of error in its original disposition—not only as to its rulings upon the questions of law presented, but also as to its findings of fact made—the motion for rehearing will be overruled.

Overruled.

PLEASANTS, C. J., absent.