### SERVICE MUT. INS. CO. OF TEXAS v. TERRITO et al.

### No. 2303.

Court of Civil Appeals of Texas. Waco.
Jan. 23, 1941.

Rehearing Denied Feb. 20, 1941.

Scott & Wilson and W. E. Cureton, all of Waco, for appellant.

Lovett, Lovett & Ralston and Richard & A. P. Mays, all of Corsicana, for appellee.

HALE, Justice.

The Service Mutual Insurance Company, hereinafter referred to as "company," issued its policy of insurance to Annie Territo, herein referred to as "plaintiff," with loss payable clause to E. K. Howell as his interest may appear, herein referred to as "intervener," providing coverage, among other things, for loss caused by theft of the automobile therein described to the extent of the actual cash value thereof. Plaintiff sued to recover the actual cash value of her automobile on account of its alleged loss by theft, and intervener set up his claim for loss as mortgagee. The case was tried on special issues, in response to which the jury found, in part, as follows: That plaintiff suffered the loss of the automobile in question as a result of theft on October 31, 1938; that the actual cash value of such automobile at the time of the theft was $750; that the company received actual notice of the theft on or about November 1, 1938, from intervener, who was rep-

resenting the company in procuring for it contracts of the kind involved in this suit; that within ninety-one days after such loss plaintiff rendered a statement to the company's adjuster Wilson, in writing, signed by plaintiff and witnesses, containing all the information required by such adjuster, stating the place, time and cause of the loss of said automobile, the interest of plaintiff and all others in said automobile, the sound value thereof and the amount of loss thereto, all encumbrances thereon and all other insurance covering said automobile; that such adjuster, acting on behalf of the company, attempted to adjust and settle the claim with plaintiff. The court rendered judgment in favor of plaintiff and intervener for the sum of $750, and the company has appealed.

■ By its first assignment the company contends that the trial court committed reversible error in overruling its motion for continuance. The record shows that this case was returnable to the April term, at which time the company filed its plea of privilege, and, subject thereto, its verified plea in abatement, setting up the policy provision with respect to proof of loss, alleging that no such proof had been furnished and that the company had not waived the policy provision with respect thereto. The case was continued to the July term, and again to the October term, and was regularly set for trial for December 11th. Intervener filed his supplemental plea in intervention on December 9th, alleging specifically, for the first time, that if due proof of loss had not been furnished, the company had waived same. The case was passed for trial from December 11th to December 13th, and on the latter date the company filed its verified application for continuance upon the ground that it could not procure the attendance of the witnesses whose testimony might be material to the issue of waiver. The company alleged it had used due diligence to procure the testimony of one Wilson, who, if present, would testify that he did not waive the filing of proof of loss. No evidence was adduced upon the hearing of the motion. The company urges that since this was its first application for continuance, the same should have been granted as a matter of right, and furthermore, that the refusal of the court to grant such motion under the circumstances shown constituted an abuse of discretion. We do not believe the applica-

tion was in strict compliance with the requirements of Article 2168 of the statutes (Rev.St.1925), because the same did not allege sufficient facts to show due diligence conclusively as a matter of law, and because the same did not allege the facts to which the witness Wilson would testify, as distinguished from his conclusion that he did not waive the proof of loss. We can not say, under the record here presented, that the action of the trial court in overruling the motion for continuance constituted an abuse of discretion so as to require a reversal of the judgment. Gulf, C. & S. F. Ry. Co. v. Brooks, 63 Tex.Civ.App. 231, 132 S.W. 95; Sov.Camp, W.O.W. v. Davis, Tex.Civ. App., 268 S.W. 523; Lipscomb v. James Leffel & Co., Tex.Civ.App., 44 S.W.2d 1008; Empire Gas & Fuel Co. v. Muegge, Tex.Civ.App., 116 S.W.2d 758.

■ Under appropriate assignments, the company next presents the contention that its request for a peremptory instruction should have been given. It is urged that there was no evidence as to the market value of plaintiff's automobile at the time of the loss complained of, and that there was no evidence of compliance with the policy provision concerning proof of loss. Intervener testified, in substance, that he had been in the automobile business for about twelve years, buying and selling both new and used cars; that the purchase price of the automobile in question was $849; that such automobile had been purchased new about sixty days prior to its loss; that he saw and serviced such automobile about three or four days before it was stolen; that he was acquainted with the reasonable market value and the actual cash value of automobiles in Corsicana on October 31st, and knew the reasonable market value and the actual cash value of the automobile in question on that date, and that such value was around $800. On cross examination the witness testified, in response to a question propounded to him by counsel for the company, that: "Market value is the average value a particular car sells for in a particular locality." Thereupon counsel for the company moved the court to strike from the record the testimony given by the witness on direct examination concerning market value, which motion was overruled. The company asserts that the testimony thus given by the witness on cross examination renders his direct testimony as to market

value of the automobile incompetent and of no probative force. We do not agree with this contention. If such cross examination was proper, the information thereby elicited from the witness would be material only on the weight to be given to his testimony, but the same would not constitute a basis for striking his original testimony from the record.

The policy sued upon provided that within ninety-one days after loss the insured should render a statement to the company, signed and sworn to by the insured, stating the place, time and cause of such loss, the interest of the insured and of all others in the property, the sound value thereof and the amount of loss thereto, all encumbrances thereon, and all insurance covering such property. There was evidence to the effect that intervener acted as the agent of the company in soliciting and delivering the policy sued upon; that immediately after the loss by theft was discovered, plaintiff notified intervener, who in turn notified the company by telephone of such loss; that shortly thereafter D. H. Wilson came to Corsicana, and as the representative of the company, discussed the loss with intervener, with plaintiff and with plaintiff's attorney; that at the request of Wilson plaintiff gave to him a detailed statement in writing containing all the information requested by Wilson concerning such loss; that Wilson attempted on behalf of the company to adjust the loss with plaintiff. The company did not offer any evidence on the trial and did not request the submission of any issue to the jury.

■ If the statement which plaintiff rendered to adjuster Wilson had been sworn to, such statement would have been in literal compliance with the provisions of the policy. Since the company had actual knowledge of all the information required to be set out in the proof, we think its action in retaining such proof in its possession and failing to make any objection to the same, and in attempting to settle the claim with plaintiff, would estop the company from denying a waiver of the policy provision that such proof be sworn to. While it was necessary to a recovery for the plaintiff and intervener to show either a substantial compliance with the terms of the policy provision concerning proof of loss or a waiver thereof by the company, we hold that such was conclusively established by the evidence and the findings of the jury. Franklin Fire Ins. Co. v. Orr, Tex.Civ.App., 36 S.W.2d 576; Potomac Fire Ins. Co. v. Turner, Tex.Civ.App., 67 S.W.2d 1080; Century Ins. Co. v. Hogan, Tex.Civ.App., 135 S.W. 2d 224.

■ Special issue No. 12 as submitted to the jury was as follows: "Do you find from a preponderance of the evidence that within 91 days after loss by theft, if any, of the Plymouth automobile in question, defendant company had actual knowledge of the place, time and cause of the loss of said automobile, if any, the interest of Annie Territo, and of all others therein, if any, the sound value thereof, and the amount of loss thereto, if any, all encumbrances thereon, and all other insurance covering said property, if any?" to which the jury answered "Yes." The company objected to said issue on the ground that the same was duplicitous and insists in its brief that the issue as submitted combines ten separate facts. Although the issue does embrace numerous elements of fact, we are of the opinion that the grouping of these elements, under the pleadings and evidence in this case, presents only one ultimate controlling issue, i.e., whether the company had actual knowledge of the information required in a proper proof of loss. Austin v. De George, Tex.Civ.App., 55 S.W.2d 585; Hunter v. B. E. Porter, Inc., Tex.Civ.App., 81 S.W.2d 774.

■ The company complains of the action of the trial court in overruling its motion to strike the testimony of intervener to the effect that adjuster Wilson told the witness after he had taken the written statement from plaintiff that they had been unable to get together on the amount of settlement. In overruling the motion the trial court stated, in the presence of the jury, that such testimony was limited to the questions of agency and waiver. We can not say, under the circumstances shown, that this ruling of the trial court constituted reversible error.

■ Intervener was also permitted to testify that the contract price at which plaintiff bought the car from him approximately two months prior to its loss was $849, over the timely objection that such testimony was irrelevant and immaterial. We do not believe the evidence was subject to the objection urged. San Antonio Public Service Co. v. Murray,

Tex.Civ.App., 59 S.W.2d 851; Schmoker v. French, Tex.Civ.App., 7 S.W.2d 177; American Indemnity Co. v. Jamison, Tex. Civ.App., 42 S.W.2d 801. However, even if the testimony was subject to the objection urged, the error in admitting same was harmless because both the policy sued upon and the chattel mortgage held by intervener were admitted in evidence without such objection and each showed the original purchase price of the automobile to be $849.

We have carefully considered all of the assignments presented by the company but we find no reversible error in the case, and therefore the judgment of the trial court is affirmed.