*Southern District*

**DOROTHY BRENNAN**

v.

**MARGARET A. PIPER**

*Present*: Nash, P. J., Cox & Callan, JJ.

Case tried to *Colten, J.* in the Municipal Court of Brookline. No. 306 of 1959.

*Callan, J.* Action of tort to recover under three counts—*one,* for allowing accumulated water to flow onto the public sidewalk from defendant's property causing it to be in an unsafe condition; *two,* allowing a foreign substance to collect on the sidewalk adjoining defendant's property; *three,* allowing water

to flow onto sidewalk adjoining defendant's property causing ice to form thereafter which was treated with a foreign substance by defendant's servants leaving a dangerous condition.

Through admissions of the defendant and evidence presented, it appears that the defendant was the owner of the premises in question that abutted a public sidewalk in front of her premises and of the driveway running from the rear which was of dirt, gravel and sand. The temperature on the day of the accident to the plaintiff was 17° above zero and average for the day between 17° and 19° above zero. The defendant acknowledged receipt of the statutory notice of the plaintiff's injury.

Eight photographs taken the day following the accident, were offered in evidence by the plaintiff but were denied admission, the judge ruling that they did not truly represent the scene as of the time of the accident, but they were used as chalk photographs throughout the trial.

The plaintiff and her husband lived in the vicinity of where the accident happened and used the sidewalk two or three times weekly. They observed that the asphalted surface of the public sidewalk adjoined a private driveway running from the rear of the defendant's building to the street. The driveway was about 125 feet long and about 12 feet wide standing from the rear of the defendant's

building toward the public sidewalk. The driveway was bounded by the defendant's building on one side and by a concrete wall on the other side. Prior to the accident, the driveway had been covered with loose gravel and stones, and water had flowed over the public sidewalk from the driveway for a number of years leaving a three foot stained area. The defendant had directed her employee to keep the flooded area in the sidewalk sanded when icy. This area was salted on the morning of the accident and sanded in the afternoon by the defendant's employee. Part of the sidewalk over which the driveway ran was dry and clear. While crossing, the plaintiff stepped on an area covered by ice. At the time it was dark and until she slipped, fell and was injured, she did not see the ice. From the apartment house lights she could see a patch of ice adjoining the public sidewalk and two other patches further up the driveway. Plaintiff said she slipped on the accumulated ice and onto a hole in the sidewalk—driveway area. This was called to the defendant's employee's attention directly after the accident. He examined the area and found it covered with sand and observed no ice or hole in the sidewalk. The photographs showed ice patches, loose rocks and gravel on the driveway and water stains, a depressed area on the edge of the sidewalk, a three foot water stain crossing it and loose stones and gravel on the surface of the stained area in the sidewalk .

The judge denied the following request for rulings by the plaintiff.

1. On all the evidence, the Court should find for the plaintiff.

A special finding of facts as follows was made by the judge—

"I find that the injuries to the plaintiff were not caused by a defect in the sidewalk or as a result of any unnatural accumulation of snow and ice".

Plaintff claimed to be aggrieved by the finding and denial of her request for ruling, the refusal to admit the photographs in evidence and the failure to make a finding on counts 1 and 2 claims a report to this Court.

[1] There was no error in the judge's refusal to admit the photographs in evidence. Whether they truly represented the subject in question is a fact for the judge to determine. *Eldridge v. Mitchell*, 214 Mass. 480; *Mc-Grath v. Fash*, 244 Mass. 327; *Howe v. Boston*, 311 Mass. 278, 281.

For the photographs to be useful, they must be a correct likeness of the condition existing at the time in question, *Carey v. Hubbardston*, 172 Mass. 106; *Lynch v. Larivee Lumber Co.*, 223 Mass. 335, or sufficiently near the time in question. *Gilbert v. West End St. Ry. Co.*, 160 Mass. 403; *Dolan v. Mutual Reserve Life Assoc.*, 173 Mass. 197; *Swart v. City of Boston*, 288 Mass. 542. The photographs in question showed the condition on the day following the accident. We cannot see how the plaintiff was prejudiced since the pictures were used

and referred to during the trial and the judge had the benefit of what they showed.

■ The plaintiff's request for ruling was rightly denied as not being in compliance with Rule 27 of the District Court Rules. To have any standing here, the request should specify the grounds on which it is based. *Okin v. Sullivan,* 307 Mass. 227, 228; *Sokolski v. Splann,* 311 Mass. 203, 205.

■ The plaintiff's only other grievance is on the correctness of the general finding for the defendant. As we stated in *Muir Brothers Co. v. Sawyer Construction Co.,* 328 Mass. 413, 414:

"Ordinarily the question of the correctness of a general finding or decision cannot be raised by an exception or claim of report. *Stowell v. H. P. Hood & Sons, Inc.,* 288 Mass. 555; *Leshefsky v. American Employers' Ins. Co.,* 293 Mass. 164, 167; *Barton v. Cambridge,* 318 Mass. 420, 424. The reason is that exceptions or claims of report lie only to questions of law, and where there is a general finding, without more, fact and law are interwoven to such an extent that no question of law is presented. Where, however, all material subsidiary facts have been found or are agreed the separation of the questions of fact and of law involved in a general finding based thereon has been largely made and a motion or a request for a specific ruling of law would serve little purpose. In such a case an exception to or claim of report from a general finding brings before us the question of law whether it was permissible on the subsidiary facts established".

That is the case here.

■ A landowner has the right to change the surface of his lot or improve it by the construction of buildings or by other means in any lawful manner, and if the natural course of surface water is thereby altered, no liability is imposed on him. But he has no right to collect water into a definite channel by a spout or otherwise and pour it on a public way. If he does this and through the operation of natural courses the water freezes, he is the effcient cause in the creation of a nuisance and is liable for whatever damage ensues as a probable consequence. *Field v. Gowdy*, 199 Mass. 568, 570. We believe the case of *Lucas v. Thayer*, 263 Mass. 313 does not differ from the circumstances in the case at bar.

■ Although there was evidence of a three foot stained area over which water flowed from the driveway across the sidewalk, the evidence would not justify a finding that the defendant had collected water on her land at this point and discharged it through an artificial channel upon the sidewalk. There was no evidence that any act of the defendant contributed to or caused any hole in the sidewalk to exist. The judge may well have found no hole to exist since the defendant's employee said he saw no hole directly after the accident. The plaintiff did not see any loose stones or gravel or foreign substance on the sidewalk at the time of the accident. True, she did point them out in the chalks but the judge

did not have to find that this condition existed at the time she was injured. There was no evidence that the defendant allowed water to accumulate and flow onto the sidewalk. The ultimate finding of the judge was supported by the evidence.

■ Although the declaration contains three counts and there was a general finding for the defendant, the plaintiff has no standing when he failed to file requests for rulings under each count. Where there are two or more counts each for a different cause of action, it is the right of either party to have a separate finding on each count, and in the absence of any request such a finding, where there is evidence to sustain each count, is good. *Morrin v. Manning*, 205 Mass. 205, 212.

■ A general finding for the defendant will stand when the Court finds the plaintiff failed to prove the allegations of each count.

*The report is ordered dismissed.*

Roy Frank Kipp of Boston, for the Plaintiff.
Cryan & Way of Boston, for the Defendant.